654 So.2d 771 (1995)
Aquanell J. MYERS
v.
OMNI HOTEL, INC., et al.
No. 94-CA-2004.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1995.
*773 Kenneth M. Plaisance, New Orleans, for appellant.
Philip A. Franco, Robin B. Cheatham, Robert D. Hess, III, Adams and Reese, New Orleans, for appellees.
Before SCHOTT, C.J., and BYRNES and LOBRANO, JJ.
LOBRANO, Judge.
Plaintiff, Aquanell Myers, appeals the granting of summary judgment in favor of defendant, Omni Management, Inc. d/b/a Omni Royal Orleans Hotel in this retaliatory discharge case. We affirm.
Plaintiff was hired by the defendant in June 1992 as a service bar attendant. On September 12, 1992, she allegedly injured her right hand while in the course and scope of her employment. Plaintiff was treated by the defendant's physician who instructed her to return to light duty work only. Plaintiff alleges that defendant informed her that no light duty work was available, but offered her a position as a cashier. According to plaintiff, her work as a cashier caused her further problems with her right hand so she sought medical treatment from her own physician. Plaintiff contends that she was diagnosed by her physician as being temporarily totally disabled and was placed on "unfit for duty" status.
Plaintiff further alleges that, on October 1, 1992, she contacted Henry Tebbe, defendant's personnel director, and advised him that she was being treated for a work-related injury and intended to file a claim under the Louisiana Worker's Compensation statute. On November 5, 1992, plaintiff claims her employment was terminated by defendant for misconduct for failure to obey orders. Plaintiff claims that immediately upon her termination, the defendant instructed its worker's compensation carrier not to honor any claim for compensation.
Plaintiff filed a petition for wrongful discharge from employment alleging that she was terminated in retaliation for her efforts to obtain worker's compensation benefits. Plaintiff later amended her petition to allege that defendant also violated an unspecified Louisiana anti-discrimination statute by willfully discharging her due to her disability. In her original petition, plaintiff noted that an unemployment hearing was held on February 3, 1993 wherein the administrative law judge held that there was no misconduct on the part of plaintiff and reinstated unemployment compensation benefits.
The defendant filed a motion for summary judgment arguing that the undisputed facts show that plaintiff's discharge was not in retaliation for asserting a worker's compensation claim, but was the result of her failure to report for light duty work after being instructed and given ample time to do so. In support of this motion, the defendant filed a memorandum, the affidavit of Henry Tebbe, a letter from Tebbe to plaintiff dated October 20, 1992, and a statement of uncontested facts.
In its memorandum to the trial court, defendant argued that, based on plaintiff's own allegations in her petition, she was temporarily totally disabled and therefore, pursuant to La.R.S. 23:1361(B)[1], she could be legally discharged if she no longer could perform the duties of her employment.
The affidavit of Henry Tebbe states that plaintiff was treated by Dr. Gordon Nutik who advised that plaintiff could return to light duty work so long as this work did not require the use of her right hand. By letter dated October 20, 1992, Tebbe advised plaintiff that Dr. Nutik was of the opinion that she *774 was able to return to light duty work and that the defendant had light duty work available for her. Tebbe's letter further advised that if plaintiff did not report to work within the next five days, defendant would assume that she had voluntarily resigned from her employment. Because plaintiff failed to report to work as instructed, she was removed from the defendant's payroll on November 2, 1992. Tebbe stated that plaintiff was terminated because she failed to report for light duty work after being instructed in writing to do so and not because she asserted a claim for worker's compensation benefits.
In opposition, plaintiff submitted her own affidavit and that of her physician, Dr. Michael Hunter, as well as documents prepared by another physician, Dr. Roy Marrero, relevant to her ability to return to work.[2] In her memorandum, plaintiff argued that summary judgment is inappropriate in a discrimination case where intent and motive are the substantive issues. Plaintiff also argued that defendant violated the Americans with Disabilities Act and an unspecified Louisiana anti-discrimination statute. Furthermore, plaintiff argued that R.S. 23:1361(B) is in contravention of the 1964 Civil Rights Act and the Americans with Disabilities Act.
Dr. Hunter's affidavit states that he treated plaintiff for her work-related injury from September 25, 1992 to November 4, 1992 and that he placed her on total disability for this period. Dr. Hunter stated that in late September and early October 1992, he received several hostile telephone calls from Henry Tebbe demanding that he release plaintiff to return to work.
Plaintiff's affidavit is essentially a reiteration of the allegations presented in her petition and the statements in Dr. Hunter's affidavit. In a certificate to return to work completed by Dr. Roy Marrero on November 4, 1992, he stated that plaintiff would be able to return to work on November 9, 1992.
Plaintiff argues to this court that there are issues of material fact not yet resolved which preclude the granting of summary judgment. Specifically, plaintiff asserts that summary judgment is inappropriate in this type of case.
Appellate courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La.App. 4th Cir.1993), writ denied, 620 So.2d 845 (La.1993). Summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). The burden is on the mover to prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of a trial on the merits. Raine v. CECO Corporation, 627 So.2d 713 (La.App. 4th Cir.1993). Inferences to be drawn from underlying facts contained in the materials before the Court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
To satisfy his or her burden, the mover has to clearly show the truth of the facts asserted. That showing must exclude any real doubt as to the existence of any genuine issue of material fact. Vermilion Corp., supra. The mover's pleadings, affidavits and documents must be scrutinized closely while those of the opponent are treated indulgently. Urbeso v. Bryan, 583 So.2d 114 (La.App. 4th Cir.1991). Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.P. art. 967; Urbeso, supra. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting summary judgment. Urbeso, supra.
Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La.App. 4th Cir.1981). Only when reasonable *775 minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is summary judgment warranted. Thornhill, supra; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The Court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988).
Initially we note that plaintiff's original and amended petitions assert claims for wrongful discharge from employment under R.S. 23:1361 et seq. and for violations of unspecified Louisiana anti-discrimination statutes. In her appeal brief she identifies those statutes as R.S. 23:1006 and R.S. 51:2232. Although plaintiff presents arguments about her entitlement to worker's compensation and violations of the Americans with Disabilities Act, those issues were not pleaded in her petition and amended petition, and thus will not be considered. Those issues are irrelevant with respect to the correctness of the summary judgment before us.
The undisputed facts presented by defendant establish: 1) that defendant informed plaintiff that light duty work was available and that it was imperative that she return to work within five days of the October 20th letter, 2) that plaintiff did not offer any reason for not returning to work within the time allotted to her, and 3) that the reason for the plaintiff's discharge was her failure to return to work as requested. Plaintiff did not offer any evidence to refute these facts. Her own affidavit does not dispute the fact that defendant advised her of the availability of work. Plaintiff merely makes the conclusion that she was fired because of her claim for worker's compensation. The affidavit of her physician establishes that she was injured. However, that is not germane to the issue before us. It is undisputed that she applied for compensation because of her work-related injury. Plaintiff, however, does not present any evidence which even remotely suggests that she was terminated because of her compensation claim.
We find that summary judgment was appropriate. The undisputed material fact is that plaintiff failed to return to work when requested to do so and offered no excuse for that failure. As a result, her job was terminated. See, Moore v. McDermott, Inc., 494 So.2d 1159 (La.1986).
Plaintiff also claims that her termination from employment violates the Louisiana anti-discrimination statutes, R.S. 23:1006 and R.S. 51:2232. We disagree. Assuming arguendo that plaintiff was disabled, the portion of these statutes dealing with discrimination based on disability do not apply in this case. Plaintiff's employment was terminated in November 1992. These two statutes were not amended until 1993 to include provisions prohibiting discrimination in employment practices based on an employee's disability. These amendments became effective on August 15, 1993, several months after plaintiff's termination. The amendments do not include a provision for retroactive application, and since they provide for substantive rights, must be applied prospectively. La.C.C. art. 6.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 23:1361(B) provides:

No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
[2] Plaintiff also filed a copy of the decision rendered by the Administrative Law judge with respect to her claim for unemployment benefits.