800 So.2d 1002 (2001)
Cynthia DUHE, Wife of/and Gerald P. Duhe
v.
WEBER'S IGA STORE and its Insurer, State Farm Insurance Company.
No. 01-CA-383.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2001.
Joel P. Loeffelholz, New Orleans, LA, Attorney for Appellants.
*1003 John E. Unsworth, Jr., Alayne R. Corcoran, Metairie, LA, Attorneys for Appellees.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Plaintiffs, Cynthia Duhe and Gerald P. Duhe ("Duhe"), appeal a summary judgment granted by the trial court in favor of defendants Weber's IGA Store (Weber's) and State Farm Fire and Casualty Company. Because Duhe did not present factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial, we affirm.
On September 2, 1997, Duhe filed suit for damages in the Fortieth Judicial District Court, alleging that while shopping for meat in Weber's on September 21, 1996, she slipped and fell on some rice grains in an aisle, injuring her knee. Pursuant to a Motion to Set For Trial filed in 1999, a pre-trial order dated December 22, 1999, set a trial date of July 11, 2000, with discovery to be completed by Duhe before June 2, 2000. On February 3, 2000, Weber's moved for summary judgment in its favor, averring that there was no genuine issue of material fact and that it did not have actual knowledge or constructive notice of a hazardous condition as required by LA-R.S. 9:2800.6.
In connection with its motion, Weber's attached a portion of Duhe's deposition in which she stated that when she slipped, she did not see the rice grains on the floor. She was looking where she was walking, not down, and there was no one else either in front or in back of her. Ms. Lee Loupe, a customer, helped her up, and an employee in the meat department, whose name Duhe did not know, was also there. They brought Duhe to the manager, whose first name was Greg.
Weber's also submitted the sworn affidavit of Greg Simon, the store manager for Weber's who stated that there is an inspection policy requiring that the store's floors be checked for foreign substances every half hour, and if anything is found it is to be picked up or cleaned immediately. According to the affidavit, a maintenance schedule is initialed at each 30 minute interval pursuant to that policy and in addition to this, part of Simon's normal routine was to constantly walk the floors and inspect them. On the day of the accident, Simon attested that he had personally inspected the floor according to the schedule and did not see any rice in the aisle prior to Duhe's fall. He did not see her fall and did not know how the rice got on the floor. The motion was set for trial on March 10, 2000, and continued (apparently twice) to May 4, 2000.
On April 27, 2000, Duhe opposed the motion, attaching to her opposition a handwritten, dated statement from Rose Caronna. Ms. Caronna wrote that she was working in the meat department at Weber's on the day of the accident and saw Duhe slip and fall on the rice. She helped Duhe up and saw the rice and an open bag on a shelf. Caronna further stated that it was not unusual for foreign substances to spill onto the floor in the store. The trial court took the matter under advisement and subsequently rendered judgment in favor of Weber's, finding that the Caronna statement could not be considered because it was not an affidavit nor was it sworn to in any way, nor was it certified or attached to an affidavit. It was, therefore, not of sufficient evidentiary quality to be given weight in determining whether of not there remain genuine issues of material *1004 fact.[1] The court also held that an attachment to a memorandum was not properly before the court on a motion for summary judgment and should not be considered in resolving the motion[2], and that Duhe had ample time to depose or secure an affidavit of the statement of Ms. Caronna. The court found that Weber's was entitled to judgment as a matter of law.
On appeal, Duhe avers that the Caronna statement put the question of constructive notice at issue. Duhe avers that La. C.C. P. Art. 967 requires the opponent of a motion for summary judgment to respond by affidavit or otherwise, and that the statement at issue falls into the otherwise category. Duhe further contends that merely changing a handwritten statement to the form of an affidavit "is a legal fiction in this case for her statement is her statement" and that "such technicalities should not be used to thwart ... legitimate lawsuits." According to Duhe, the court should have continued the hearing to allow her to obtain the affidavit.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate.[3] An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law.[4]
Under La.C.C.P. Art. 966, the burden of proof is on the mover to make a prima facie showing that a motion for summary judgment should be granted. If the mover will not bear the burden of proof at trial on the merits, his burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.[5] When the mover has made such a showing, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain.[6] Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[7]
Under La. R.S. 9:2800.6, the claimant has the burden of proving, in addition to all other elements of the (slip and fall) cause of action, that the merchant on whose premises he fell either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and that the merchant failed to exercise reasonable care. "Constructive notice" means the claimant has proven that the condition existed for such *1005 a period of time that it would have been discovered if the merchant had exercised reasonable care.[8]
In the present case, Weber's presented the affidavit of the store manager that on the day of the accident, he had inspected the area in accordance with the store policy of doing so every thirty minutes, and had seen no rice on the floor of the aisle where Duhe fell. In opposition, Duhe presented only the written statement of Ms. Caronna.
A document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact.[9] Thus, statements made in letters rather than by affidavits have no evidentiary value.[10] Because the Caronna letter or statement was not an affidavit, attached to an affidavit, nor sworn to in any way, it was inadmissable. Consequently, Weber's successfully pointed out to the court that there was an absence of factual support for an essential element of Duhe's cause of action under La. R.S. 9:2800.6, because Duhe was unable to satisfy the constructive notice requirement of the statute by showing the rice was on the floor for some period of time prior to her fall.[11] The court properly granted the motion for summary judgment.
Duhe's argument that the court should have granted her a continuance in order to obtain an affidavit must fail. Under La. C.C.P. art. 967, if it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit, facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. In this case, no such affidavits were presented to the court to request or justify a continuance. There is nothing in the appellate record to indicate that Duhe was unable to obtain Caronna's affidavit for purposes of the summary judgment. We note further that according to the record, this matter was continued at least once on Duhe's request, and there is no request for continuance on the present motion; rather, this argument is made in brief. We see neither error nor abuse of discretion by the trial court in not continuing the motion.
For the foregoing reasons, the summary judgment in favor of Weber's is affirmed. Costs of appeal are taxed to Duhe.
AFFIRMED.
NOTES
[1] Among other cases, the court cited Murphy v. L & L Marine Transportation, Inc., 97-33 (La.App. 5th Cir.5/28/97), 695 So.2d 1045.
[2] Citing Robertson v. Northshore Regional Medical Center, 97-2068 (La.App. 1st Cir. 9/25/98), 723 So.2d 460.
[3] Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; McVay v. Delchamps, Inc., 97-860 (La.App. 5 Cir. 1/14/98), 707 So.2d 90.
[4] Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191.
[5] La. C.C.P. art. 966 C(2); Huber v. Liberty Mut. Ins. Co., XXXX-XXXX (La.App. 4th Cir.2/7/01), 780 So.2d 551.
[6] Foster v. Consolidated Employment Systems, Inc., 98 948 (La.App. 5th Cir. 1/26/99), 726 So.2d 494; writ denied 99-C-0523 (4/30/99), 741 So.2d 14.
[7] La. C.C.P. art. 966 C(2).
[8] La. R.S. 9:2800.6(C)(1).
[9] Paula Harvey v. Sylvester Francis, Joseph Mancuso and Scottsdale Insurance Company, 2000-CA-1268 (La.App. 4th Cir.3/21/01), 785 So.2d 893; Murphy v. L & L Marine Transportation, Inc., supra; Premier Restaurants, Inc. v. Kenner Plaza Shopping Center, L.L.C., 99-1310 (La.App. 5th Cir.8/29/00), 767 So.2d 927.
[10] See Powers v. Tucker, 29, 190 (La.App. 2 Cir. 2/26/97), 690 So.2d 922, 926; Premier Restaurants, Inc. v. Kenner Plaza Shopping Center, supra.
[11] See Babin v. Winn Dixie Louisiana, Inc. XXXX-XXXX, (La.6/30/00), 764 So.2d 37.