907 So.2d 815 (2005)
Kermit CHIVLEATTO
v.
The SPORTSMAN'S COVE, INC.
No. 05-CA-136.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 2005.
*817 W. Patrick Klotz, Klotz & Early, New Orleans, Louisiana, for Plaintiff/Appellant.
Renee C. Gluth, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and MARION F. EDWARDS.
THOMAS F. DALEY, Judge.
In this civil appeal, the plaintiff/appellant, Kermit Chivleatto appeals the trial court's grant of the defendant/appellee, The Sportsman's Cove, Inc.'s Motion for Summary Judgment. We affirm the grant of summary judgment finding that plaintiff has not presented sufficient proof of retaliatory discharge to meet his burden in defeating the Motion for Summary Judgment.
On September 27, 2002, plaintiff, Kermit Chivleatto ("Chivleatto"), filed a Petition for Damages alleging that he was injured unloading a boat trailer on January 15, 2001, causing him to fall to the ground and sustain injuries to his neck and back while in the course and scope of his duties as an employee of the defendant, The Sportsman's Cove, Inc.[1] He claimed that because of his injuries he was unable to return to work[2] as a shop laborer and was, therefore, wrongfully terminated, on November 17, 2001. He requested that he receive general and monetary damages, i.e. lost wages, penalties, attorney's fees, and *818 costs of this suit.[3]
In its answer to the Petition for Damages filed on February 5, 2003, the Sportsman's Cove denied liability and claimed that Chivleatto was terminated on November 17, 2001, but for a legitimate, non-retaliatory business reason, which was neither illegal nor discriminatory in purpose. The defendant also denied that plaintiff, Chivleatto, had sustained any damages, but claimed, in the alternative, that if he had, he had failed to mitigate them as required by law.
On October 28, 2004, the defendant filed a Motion for Summary Judgment. At the November 16, 2004 hearing and in its Memorandum in Support of Motion for Summary Judgment, the defendant argued plaintiff, Chivleatto, was removed from the rolls because he was not an active employee, which the business had to do to improve its books since it was being sold in February of the following year. The defendant claimed that the separation notice issued to the plaintiff, which gives the explanation that he was not physically able to work, did not link his termination to discrimination based on the worker's compensation statute.
At the hearing and in his Opposition to Motion for Summary Judgment, the plaintiff argues that he was wrongfully terminated because he was injured in the course and scope of his employment in violation of La. R.S. 23:1361. He claimed that the act of discharging him was itself discriminatory because his continued employment was presumed and there was no termination date, as a term of his employment or anticipated by the parties. He contended that the defendant had never evidenced proof that he was terminated because they were preparing to sell the business and needed to clean up their records in anticipation of the sale. Instead, he claimed that the separation notice's explanation of discharge that he was unable to physically work, as a result of "employee alleged injury," was a prima facie case of retaliatory discharge.
On November 16, 2004, the trial court granted the defendant's Motion for Summary Judgment. The trial court noted the lack of proof provided by both parties in the proceeding. Specifically, the court noted that the plaintiff had failed to allude to any exhibits in his opposition to the Motion for Summary Judgment and the defendant had failed to attach an affidavit that The Sportsman's Cove, Inc. had gone out of business. In addition, the court noted that while it technically should not consider certain facts, it was aware that the Sportsman's Cove had gone out of business and the plaintiff received workers' compensation; therefore, it was going to grant the summary judgment, since it was "not going to waste [its] day in trial tomorrow if [it knew] what the end result [was] ..."
Appellate courts review summary judgments de novo to determine whether summary judgment is appropriate, using the same criteria applied by trial courts. Duhe v. Weber's IGA Store, 01-383, p. 3 (La.App. 5 Cir. 10/17/01), 800 So.2d 1002, 1004. An appellate court must determine whether there is any genuine issue of material fact, and whether the *819 mover/appellant is entitled to judgment as a matter of law. The burden of proof is on the mover to make a prima facie showing that a Motion for Summary Judgment should be granted. La. C.C.P. art. 966. This burden does not require the movant to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. After the movant has met this burden, it shifts to the adverse party to present evidence to the court demonstrating that there remains a genuine issue of material fact. Id. There is no genuine issue of material fact if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Id.
The purpose of La. R.S. 23:1361, prohibition of unlawful discharge in workers' compensation cases, is to allow employees to exercise their right to workers' compensation benefits without fear of retaliatory action by their employers and to prevent unjust dismissals. Hooker v. Wal-Mart Stores, Inc., 38,350 (La.App. 2 Cir. 4/7/04), 870 So.2d 1131, 1136. La. R.S. 23:1361 is penal; therefore, it must be strictly construed. Nicholson v. Transit Management of Southeast Louisiana, 00-706 (La.App. 4 Cir. 2/14/01), 781 So.2d 661, 667, writ denied, 01-0721 (La.5/11/01), 792 So.2d 735. In order to be entitled to recover for retaliatory discharge under LSA-R.S. 23:1361, the plaintiff/employee must establish by a preponderance of the evidence that he was discharged because he asserted a workers' compensation claim, either by presenting direct evidence that the assertion of a workers' compensation claim was the reason for the discharge, or presenting circumstantial evidence sufficient to establish more probably than not that the reason for the discharge was the assertion of the workers' compensation claim. Nicholson v. Transit Management of Southeast Louisiana, 781 So.2d at 668-669. Generally, direct evidence that the employee was discharged, because he asserted a workers' compensation claim, is proof that the employer admitted that reason for discharging the employee. Id. Since an employer will rarely admit that the employee was fired for filing a compensation claim, most plaintiffs rely on circumstantial evidence to prove more probably than not that they were discharged because they filed a workers' compensation claim. Id. If the employer gives a non-discriminatory reason for the discharge, and presents sufficient evidence to prove more probably than not that the real reason for the employee's discharge was something other than the assertion of the workers' compensation claim, the plaintiff is precluded from recovery. Id. If, the employer offers another reason for firing the workers' compensation claimant, the trial court must ascertain the employer's true reason or motive based on the facts presented. Hooker v. Wal-Mart Stores, Inc., supra. If, the trial court finds that it is more probable than not that the employer's non-discriminatory explanation for the discharge is just a guise for retaliatory discharge, the employee is entitled to recovery. Nicholson v. Transit Management of Southeast Louisiana, supra. Therefore, the statute cannot be circumvented by an employer stretching the facts out of context or inventing an excuse for firing the workers' compensation claimant. Hooker v. Wal-Mart Stores, Inc., supra. In addition, even though the summary judgments are now favored, they are not a substitute for trial on the merits in a retaliatory discharge case because they are often inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge, that call *820 for credibility evaluations and the weighing of testimony. Id. Usually, the circumstantial evidence necessary for proof of motive requires the trial court to choose from competing inferences, a task not appropriate for a summary judgment proceeding.
In the instant case both parties attach the "Separation Notice" to their memorandum, on which Sportsman's Cove indicates that the reason for plaintiff, Chivleatto's, leave was that he was "Not Physically Able to Work" with the "EXPLANATION: EMPLOYEE ALLEGED INJURY." Sportsman's Cove argues that this, and this alone, was the reason for plaintiff, Chivleatto's, discharge. Once, Sportman's Cove made the trial court aware that there was an absence of factual support for this essential element, i.e. the reason for discharge, of plaintiff, Chivleatto's, claim. It was incumbent upon plaintiff, Chivleatto, to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial, i.e. that the reason for his discharge was the filing of his workers' compensation claim. The only evidence submitted by plaintiff, Chivleatto, in defense of the summary judgment was the Separation Notice. We disagree with plaintiff, Chivleatto's, position that the Separation Notice establishes a prima facie case of discriminatory discharge. An employee can be discharged because he can no longer perform the duties of his employment. See, Turner v. Dameron-Pierson Co., Ltd., 95-0143 (La.App. 4 Cir. 11/16/95), 664 So.2d 739. Such a discharge will not presumptively be considered retaliatory absent some additional proof. Plaintiff, Chivleatto, failed to present any additional proof; therefore, there was no genuine issue of material fact that precluded summary judgment in favor of Sportsman's Cove.
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the defendant, The Sportsman's Cove, Inc. is affirmed.
AFFIRMED.
NOTES
[1] Chivleatto was employed with The Sportsman's Cove from August 10, 1999 to November 17, 2001.
[2] Chivleatto went out on leave in July of 2001. Chivleatto filed a Workers' Compensation claim and began receiving $320.00 weekly and medical benefits.
[3] On January 21, 2003, Chivleatto filed a Motion for Default Judgment. In his Memorandum of Law In Support of Default Judgment, plaintiff, Chivleatto, claimed that the defendant had violated La. R.S. 23:1361 by discharging him from his employment, and that he was, therefore, entitled to one year's earnings of $22,364.32, reasonable attorney's fees of $7500, court costs, and judicial interest. However, the Motion for Default Judgment was, subsequently, denied, on March 20, 2003, after the defendant filed an untimely answer before confirmation of the preliminary default judgment.