GASKINS. J.
pMalcom and Crystal Woolsey appeal from a judgment dismissing their lawsuit against Mr. Woolsey’s former employer, Delta Disposals, L.L.C. The trial court concluded that the employer was entitled to summary judgment on the issue of retaliatory discharge. We affirm.
FACTS
Malcom Woolsey was employed as a truck driver for Delta Disposals, L.L.C. (“Delta”). On December 18, 2001, Mr. Woolsey was driving his truck when the cab began to fill with smoke. Although Mr. Woolsey was able to put out the fire, he inhaled smoke that injured his lungs. His employer instructed him to finish his route. He sought medical care on December 21, 2001, and his doctor told him not to return to work until released.
During Mr. Woolsey’s absence, Delta hired a substitute driver for his route. According to the affidavit of one of Mr. Woolsey’s coworkers, Bryan Walters, the work performance' of the substitute driver was superior to that of Mr. Woolsey. In addition, Mr. Walters said that he had frequently complained to supervisors about Mr. Woolsey’s work performance in the past and about Mr. Woolsey’s alleged inability to get along well with the other Delta drivers. Mr. Walters said that the substitute driver got along with the other drivers at the workplace.
Mr. Woolsey’s supervisor at Delta was James Woodall. In an affidavit, Mr. Woo-dall said that he did not find Mr. Woolsey’s work performance to be satisfactory; in particular, he said that Mr. Woolsey did not work as hard as the other drivers and did not get along with the other 12drivers. Mr. Woodall said that the other drivers frequently complained about Mr. Woolsey. He also said that the substitute driver hired while Mr. Woolsey was on medical leave was superior to Mr. Woolsey in both work performance and in his ability to get along with the other drivers.
Mr. Woodall’s supervisor at Delta, Max Nappier, testified at his deposition that Mr. Woodall “constantly” came to him with complaints about Mr. Woolsey concerning “[cjustomers complaining, other drivers complaining, and not showing up at work, not carrying- his [fair share] of the load.” Mr. Nappier admitted that there were no notes or specific records of these complaints; there was, in essence, no personnel file kept for Mr. Woolsey or, apparently, for any employee. However, he personally saw Mr. Woolsey interacting with the other drivers in the morning and said, “I never saw them fighting, but I seen them want to.... They was always yah-yahing back and forth between each other.”
Mr. Woolsey returned to work on January 7, 2002, and worked that entire day *620 driving a truck. At the end of the day, Mr. Woodall fired Mr. Woolsey. On January 22, 2002, Mr. Woolsey and his wife filed suit against Delta in the district court seeking damages for the alleged wrongful discharge of Mr. Woolsey.[1] He alleged his termination was not due to his work performance but was instead due to his demand for medical payments for treatment of his injury.
Delta responded with a motion for summary judgment and attached the above-cited deposition and affidavits. Mr. Wool-sey responded with an 13opposition. To his opposition, Mr. Woolsey attached a portion of the deposition of his doctor, Dr. Ralph Abraham, who diagnosed Mr. Woolsey with reactive airway disease. Mr. Woolsey also attached two pages from his own deposition. He related in his deposition that he immediately questioned his supervisor about his termination and its relation to his work-related injury. He also said that his employer had paid his medical bills for treatment of the injury but had called him during his convalescence asking him to come back to work. He also attached the pages of Mr.É Nappier’s deposition that Delta had introduced.
The motion was argued in part on January 24, 2005, and the court held the matter open for further evidence until February 3, 2005. Delta filed a memo in response to the plaintiffs opposition, but no additional evidence was offered by either side. On March 4, 2005, the district court signed a judgment granting Delta’s motion for summary judgment. In its oral reasons for judgment, the court observed that the only evidence offered by the plaintiff in support of his retaliatory discharge claim was the timing of his termination and the absence of negative entries in his work record. The court further observed that no credibility determination was necessary in this case because the circumstantial evidence offered by the plaintiff was insufficient as a matter of law to carry the plaintiffs burden of proof.
Mr. and Mrs. Woolsey now appeal.
DISCUSSION
Appellate courts review summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary | Judgment is appropriate. Taylor v. Rowell, 1998-2865 (La.5/18/99), 736 So.2d 812.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The mover has the burden of establishing the absence of a genuine issue of material fact. The burden of proof remains with the movant. If, however, the movant will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Argonaut Great Central Insurance Com *621 pany v. Hammett, 39,024 (La.App.2d Cir.11/17/04), 887 So.2d 704, writ denied, 2004-3172 (La.2/25/05), 894 So.2d 1151.
Mr. Woolsey urges that his termination was wrongful in violation of La. R.S. 23:1361, which provides, in part:
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United. States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform, the duties of his employment.
IkC. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year’s earnings, together with reasonable attorney’s fees and court costs.
The purpose of this statute is to prevent unjust dismissals and to allow employees to exercise their right to workers’ compensation benefits without fear of retaliatory action by their employers. Hooker v. Wal-Mart Stores, Inc., 38,350 (La.App.2d Cir.4/7/04), 870 So.2d 1131, writ denied, 2004-1420 (La.9/24/04), 882 So.2d 1142. In order to be entitled to recover for retaliatory discharge under La. R.S. 23:1361, the plaintiff/employee must establish by a preponderance of the evidence that he was discharged because he asserted a workers’ compensation claim, either by presenting direct evidence that the assertion of a workers’ compensation claim was the reason for the discharge, or presenting circumstantial evidence sufficient to establish more probably than not that the reason for the discharge was the assertion of the workers’ compensation claim. Chivleatto v. Sportsman’s Cove, Inc., 05-136 (La.App.. 5th Cir.6/28/05), 907 So.2d 815. If the employer- gives a nondiserimi-natory reason for the discharge, and presents sufficient evidence to prove more probably than not that the real reason for the employee’s discharge was something other than the assertion of the workers’ compensation claim, the plaintiff is precluded from recovery. Chivleatto, supra. If the employer offers another reason for firing the workers’ compensation claimant, the trial court must ascertain the ^employer’s true reason or motive based on the facts presented. Hooker, supra. If the trial court finds that it is more probable than not that the employer’s nondiscriminatory explanation for the discharge is - just a guise for retaliatory discharge, the employee is entitled to recovery. Chivleatto, supra. An employer cannot circumvent the statute by stretching the facts out of context or inventing an excuse for firing a compensation claimant. Hooker, supra. Even though summary judgments are now favored, they are not a substitute for trial on the merits in a retaliatory discharge case because they are often inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge, that call for credibility evaluations and the weighing of testimony. Chivleatto, supra.
Timing of the dismissal alone is insufficient to carry the employee’s burden of proof. King v. Career Training Specialists, Inc., 35,050 (La.App.2d Cir.9/26/01), 795 So.2d 1223. Employee fault may be a sufficient independent basis *622 for termination coincident with the employee’s filing of a compensation claim. Myers v. Omni Motel, Inc., 94-2004 (La.App. 4th Cir.4/13/95), 654 So.2d 771.
Mr. Woolsey argues that the allegations of his petition, the timing of his discharge, and the lack of complaints in his personnel record indicate that his discharge was in retaliation for seeking workers’ compensation benefits upon his return. To the contrary, Delta asserts that it discharged him because of his shortcomings as an employee and his inability to get along with his co-workers. Such a basis is nondiscriminatory. The record indicates that not only was Delta aware of Mr. Woolsey’s desire for |7payment of his medical expenses, it had been contacted while he was off work, approved treatment, and paid for his doctor bills and prescriptions. Delta supported its motion for summary judgment with testimony of two supervisors and a fellow employee who characterized Mr. Woolsey’s work and attitude as poor. A discharge on such a basis will not presumptively be considered retaliatory absent some additional proof presented by the employee.
We find that the plaintiffs did not present sufficient evidence of retaliatory discharge to meet their burden of proof in defeating Delta’s motion for summary judgment.[2]
CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants.
AFFIRMED.

. In addition to asserting claims for themselves, the couple also sued on behalf of their minor children.

. We also note with interest that in the three-year period between the filing of the suit and the hearing on the defendant's motion for summary judgment, the Woolseys were unable to develop any factor other than the timing of the discharge.