954 So.2d 925 (2007)
Nichole R. PENN
v.
LOUISIANA-1 GAMING (A Louisiana Partnership in Commendam), Louisiana Gaming Enterprises, Inc./Boomtown, Inc.
No. 06-CA-928.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2007.
Rehearing Denied May 7, 2007.
*926 Roderick T. Morris, Attorney at Law, New Roads, Louisiana, for Plaintiff/Appellant.
Peter J. Butler, Gretna, Louisiana, and Peter J. Butler, Jr., Michael C. Luquet, Ralph T. Rabalais, Breazeale, Sachse & Wilson, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
*927 Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Plaintiff, Nichole Penn, was employed by Boomtown Belle Casino in the Food and Beverage Department. On November 16, 2002, Penn was injured while in the course and scope of her employment with Boomtown when she slipped and fell onto the floor in the kitchen. She was treated by Boomtown's workers' compensation physician and diagnosed with a strained abdominal wall and contusion to her chest wall. Penn returned to work at full duty on November 23, 2002. On that date she complained that her abdominal strain was still causing problems and requested that she see a physician of her choosing. Boomtown authorized treatment by Dr. Joseph Serio.
Dr. Serio examined Penn on November 26, 2002 and diagnosed her with strained abdominal wall and contusion in the lower chest. Dr. Serio prescribed light duty work, if available. Dr. Serio's report states Penn could lift, carry, push or pull a maximum of 5 pounds, and could participate in occasional bending, stooping, twisting, squatting and kneeling. Penn returned to work at Boomtown on November 27, 2002. On that date, Penn dropped a sleeve of Styrofoam cups in the storeroom, but failed to pick it up. Penn's supervisor, Jim Cameron, asked Penn to pick the cups up. Penn advised Cameron she was on light duty and would not pick up the cups. Cameron then looked at Dr. Serio's instructions and directed Penn that picking up the cups was within the light duty activities prescribed. Penn got upset, told Cameron she was quitting and immediately left the job site. Penn did not return to work, nor did she call in over the next two weeks, even though she was scheduled to work.
On December 10, 2003, Boomtown terminated Penn on the grounds that she had resigned and walked off the job. Penn then requested an Employee Board of Review to review the termination. The Board upheld her termination. Penn then filed a workers' compensation claim on January 6, 2003. In addition, Penn filed a Petition for Wrongful Discharge in the Twenty Fourth Judicial District Court against Louisiana-I gaming, a Louisiana Partnership in Commendam, and Louisiana Gaming Enterprises, Inc. d/b/a Boomtown Belle Casino. Penn alleged she was terminated by Boomtown for the filing of the workers' compensation claim.
Boomtown filed an Answer to the Petition contending that Penn was not involuntarily terminated, but rather she voluntarily quit. Boomtown alternatively contended that if Penn was involuntarily terminated, the reason for termination was not the filing of the workers' compensation claim, but rather belligerence, insubordination, leaving the workplace and not returning, and a bad attitude on the part of Penn. Boomtown also pointed out that at the time of Penn's separation from employment, no workers' compensation claim had been filed by Penn.
Following discovery, on December 1, 2005, Boomtown filed a motion for summary judgment. A hearing was held on April 12, 2006. The trial court issued a Judgment on April 18, 2006, granting summary judgment in favor of Boomtown and dismissing all of plaintiff's claims against Boomtown, with prejudice at plaintiffs costs. Also on April 18, 2006, the trial court provided Reasons for Judgment. The trial court found that Penn had failed to establish a prima facie case of retaliatory discharge. The trial court found that *928 Penn's failure to return to light-duty work offered to her is a non-discriminatory and valid reason for discharge.
Penn now appeals the trial court's ruling. For the reasons which follow, we affirm the trial court's judgment granting summary judgment in favor of Boomtown and dismissing all plaintiff's claims against Boomtown with prejudice.

DISCUSSION
Penn appeals the trial court's granting of summary judgment in favor of Boomtown. Appellate courts review summary judgments de novo to determine whether summary judgment is appropriate, using the same criteria applied by trial courts. Chivleatto v. Sportsman's Cove, Inc., 05-136 (La.App. 5 Cir. 6/28/05), 907 So.2d 815, citing, Duhe v. Weber's IGA Store, 01-383, p. 3 (La.App. 5 Cir. 10/17/01), 800 So.2d 1002, 1004. An appellate court must determine whether there is any genuine issue of material fact, and whether the mover/appellant is entitled to judgment as a matter of law.
In her Petition, Penn alleged Boomtown had violated La. R.S. 23:1361, which prohibits discharge of an employee because of the filing of a workers' compensation claim for benefits. The purpose of La. R.S. 23:1361 is to allow employees to exercise their right to workers' compensation benefits without fear of retaliatory action by their employers and to prevent unjust dismissals. Chivleatto v. Sportsman's Cove, Inc., supra, citing, Hooker v. Wal-Mart Stores, Inc., 38,350 (La.App. 2 Cir. 4/7/04), 870 So.2d 1131, 1136. La. R.S. 23:1361 is penal; therefore, it must be strictly construed. Chivleatto v. Sportsman's Cove, Inc., supra, citing, Nicholson v. Transit Management of Southeast Louisiana, 00-706 (La.App. 4 Cir. 2/14/01), 781 So.2d 661, 667, writ denied, 01-0721 (La.5/11/01), 792 So.2d 735.
In order to be entitled to recover for retaliatory discharge under LSA-R.S. 23:1361, the plaintiff/employee must establish by a preponderance of the evidence that he was discharged because he asserted a workers' compensation claim, either by presenting direct evidence that the assertion of a workers' compensation claim was the reason for the discharge, or presenting circumstantial evidence sufficient to establish more probably than not that the reason for the discharge was the assertion of the workers' compensation claim. Chivleatto v. Sportsman's Cove, Inc., supra, citing, Nicholson v. Transit Management of Southeast Louisiana, 781 So.2d at 668-669.
Generally, direct evidence that the employee was discharged, because he asserted a workers' compensation claim, is proof that the employer admitted that reason for discharging the employee. Id. Since an employer will rarely admit that the employee was fired for filing a compensation claim, most plaintiffs rely on circumstantial evidence to prove more probably than not that they were discharged because they filed a workers' compensation claim. Id. If the employer gives a non-discriminatory reason for the discharge, and presents sufficient evidence to prove more probably than not that the real reason for the employee's discharge was something other than the assertion of the workers' compensation claim, the plaintiff is precluded from recovery. Id. If, the employer offers another reason for firing the workers' compensation claimant, the trial court must ascertain the employer's true reason or motive based on the facts presented. Chivleatto v. Sportsman's Cove, Inc., supra, citing, Hooker v. Wal-Mart Stores, Inc., supra. If, the trial court finds that it is more probable than not that the employer's non-discriminatory *929 explanation for the discharge is just a guise for retaliatory discharge, the employee is entitled to recovery. Chivleatto v. Sportsman's Cove, Inc., supra, citing, Nicholson v. Transit Management of Southeast Louisiana, supra. Therefore, the statute cannot be circumvented by an employer stretching the facts out of context or inventing an excuse for firing the workers' compensation claimant. Chivleatto v. Sportsman's Cove, Inc., supra, citing, Hooker v. Wal-Mart Stores, Inc., supra.
In this case, Boomtown completed a Personnel Action Form on December 10, 2002. That form indicated Penn's last day of work was November 27, 2002 and effective December 10, 2002, Penn's employment with Boomtown was terminated. The termination was marked "voluntary" and the reason given was "Resigned-walked off shift." A Separation Notice Alleging Disqualification was completed on December 11, 2002 indicating that Penn was voluntarily leaving. According to the affidavit of Joseph Robertson, Jr., Human Resources Manager of Boomtown, and the Boomtown employee handbook, Boomtown has a "No call/No show" policy which provides that in the absence of a true emergency, the failure to report to work when scheduled or to call in within two hours of the start of the shift to inform of the absence and reason for it, is grounds for termination. Also according to Robertson's affidavit, Penn was scheduled to work in the employee dining room, at light duty, from November 27, 2002 until December 4, 2002. Penn left voluntarily on November 27, 2002 before the end of her shift. Thereafter, she failed to report to work or to call in anytime during those weeks. Therefore, Penn violated Boomtown's "No call/No show" policy. In addition, Penn was insubordinate and disrespectful to her supervisor, Jim Cameron, on November 27, 2002.
On December 27, 2002, Penn submitted a Request for Employee Board of Review. The Employee Board of Review was held on January 7, 2003 and on January 9, 2003, the Board of Review decided to uphold the disciplinary action, which was termination.
Boomtown had offered Penn light duty work and she chose to leave work on November 27, 2002 and not return. She voluntarily left work and clearly violated Boomtown's "No call/No show" policy. Those reasons, along with her insubordinate and disrespectful actions, were valid reasons for termination and had no connection to her workers' compensation claim. Failure to return to light duty work offered is a non-discriminatory and valid reason for discharge. Myers v. Omni Hotel, 654 So.2d 771 (La.App. 4th Cir.1995).
Accordingly, we affirm the trial court's judgment granting summary judgment in favor of Boomtown and dismissing all claims against Boomtown with prejudice.
AFFIRMED.