NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1271

THUNDERROLLS, INC.

VERSUS

OOIDA RISK RETENTION GROUP

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2004-0859
HONORABLE STUART S. KAY JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett,
Judges.

REVERSED AND REMANDED.

Elvin C. Fontenot Jr.
Attorney at Law
110 East Texas Street
Leesville, LA 71446
(337) 239-2684
Counsel for Plaintiff-Appellant:
Thunderrolls, Inc.

**Alan John Yacoubian**
**Neal J. Favret**
**Johnson, Johnson, Barrios & Yacoubian**
**701 Poydras, Suite 4700**
**New Orleans, LA 70139-7708**
**(504) 528-3001**
**Counsel for Defendant-Appellee:**
**OOIDA Risk Retention Group**

**PICKETT, Judge.**

The plaintiff-appellant, Thunderrolls, Inc., appeals a judgment of the trial court granting summary judgment in favor of the defendant, OOIDA Risk Retention Group, and dismissing Thunderrolls's suit with prejudice.

## STATEMENT OF THE CASE

On March 10, 2004, Gerald Soileau parked his tractor and trailer in the parking lot at Winner's Choice Truck/Travel Plaza in Sulphur, Louisiana. Soileau, an employee of Thunderrolls, owned the tractor and the trailer, and the cargo was being delivered on behalf of Thunderrolls. Soileau disconnected his tractor and went home and left the trailer and cargo in the parking lot overnight. The trailer and cargo were stolen overnight.

Thunderrolls filed a claim with their cargo liability insurer, OOIDA Risk Retention Group (OOIDA), to recover $12,000.00 for the loss of the cargo. OOIDA refused to pay the claim, alleging that the insurance contract excluded coverage for unattended vehicles.

Thunderrolls filed suit on September 28, 2004, to recover $12,000.00 plus penalties, interest and attorney fees. On November 3, 2006, OOIDA filed a motion for summary judgment based on an exclusion in the insurance contract. Thunderrolls filed an opposition to the motion, and both parties waived a hearing. In open court on February 5, 2007, the trial court called the case and orally granted the motion for summary judgment. A judgment granting the motion and dismissing the claims of Thunderrolls with prejudice was signed on March 14, 2007. Thunderrolls now appeals.

1

## ASSIGNMENTS OF ERROR

Thunderrolls asserts one assignment of error:

The Court below committed reversible error by granting summary judgment as there exist issues of material fact sufficient to not entitle mover to judgment as a matter of law.

## DISCUSSION

An appellate court reviews summary judgments *de novo*, and applies the same criteria as the trial court in deciding if summary judgment is appropriate. *Schroeder v. Bd. of Supervisors*, 591 So.2d 342 (La.1991). The supreme court discussed appellate review of summary judgments in *Duncan v. U.S.A.A. Insurance Co.*, 06-363, pp. 3-4 (La. 11/29/06), 950 So.2d 544, 546-547:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Schroeder v. Board of Supervisors of Louisiana State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.

The contract of insurance issued by OOIDA contains the following exclusion:

This insurance does not insure the liability of the insured for:
. . . .
l)    Any losses from unattended trucks while in the ordinary course of transit unless:
    a)    The truck is garaged in a building or parked in a fully enclosed yard which is securely closed and locked, or under constant surveillance, or on a guarded lot
    and
    b)    The truck has all openings closed and securely locked and keys removed, in so far as local regulations permit.

2

Furthermore, the definition of "truck" in the policy states:

> The word "truck" shall mean a truck or truck-trailer designed for travel on public roads.
>
> "Truck" includes trailers and semi-trailers, dollies or auxiliary wheels combined, or any combination of them, or any unidentified trailer, but only
>
> i)  whilst attached to a covered truck or tractor
>     or
> ii) whilst temporarily detached for a period not exceeding seventy-two (72) consecutive hours (Sundays and holidays excluded) from a covered truck or tractor and whilst garaged in a building or parked in a fully enclosed yard which is securely closed and locked, or under constant surveillance, or on a guarded lot and the trailer or semi-trailer has all the openings closed and securely locked with keys removed.

Also pertinent to this case is the definition of "unattended" in the policy:

> The word "unattended" shall mean:
> A truck which has been left without a responsible person whose duty is to drive, guard, or attend the truck being either on, in, or within ten (10) yards of the truck.

To support their motion for summary judgment, OOIDA submitted two affidavits of employees of Winner's Choice stating that while there were video cameras in the parking lot, they were not monitored by anyone and were for documentation purposes only. Also, while there were security guards on the premises, they were there for the safety of the patrons of the truck stop and casino, and not there to guard the parking lot. OOIDA argued that these affidavits show that the trailer was not "under constant surveillance" or "on a guarded lot" as required for coverage in both the exclusion clause and the definition of "truck."

In opposition to the motion for summary judgment, Thunderrolls submitted affidavits from Soileau and David Midkiff. These affidavits state that there were surveillance cameras and security guards at the truck stop.

3

We find that these affidavits create a genuine issue of material fact. The trial court erred in discounting the affidavits submitted in opposition to the motion for summary judgment. As the supreme court recently stated in *S.J. v. Lafayette Parish School Board*, 06-2862, p. 5 (La. 6/29/07), 959 So.2d 884, 887:

> Even though summary judgment is now favored, it is not a substitute for trial on the merits, and it is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge that call for credibility evaluations and the weighing of the testimony. *Chivleatto v. Sportsman's Cove, Inc.*, 05-136, p. 6 (La.App. 5 Cir. 6/28/05), 907 So.2d 815, 819. The trial judge cannot make credibility calls on a motion for summary judgment, but must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion for summary judgment. *See Independent Fire Insurance Company v. Sunbeam Corporation*, 99-2257 (La.2/29/00), 755 So.2d 226.

The judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to OOIDA Risk and Retention Group.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.