999 So.2d 1238 (2009)
Jada HANSFORD, Plaintiff-Appellant
v.
ST. FRANCIS MEDICAL CENTER, INC., Defendant-Appellee.
No. 43,984-CA.
Court of Appeal of Louisiana, Second Circuit.
January 14, 2009.
*1239 Street & Street, by C. Daniel Street, Monroe, for Appellant.
Hayes, Harkey, Smith & Cascio, LLP, by John B. Saye, Monroe, for Appellee.
Before GASKINS, PEATROSS & LOLLEY, JJ.
*1240 PEATROSS, J.
In this retaliatory discharge case, Jada Hansford filed suit against St. Francis Medical Center, Inc. ("St. Francis") seeking civil penalties and attorney fees for wrongful termination pursuant to La. R.S. 23:1361. Finding that Ms. Hansford failed to carry her burden of proof pursuant to the statute for wrongful termination, the trial court ruled in favor of St. Francis dismissing Ms. Hansford's case with prejudice. This appeal ensued. For the reasons stated herein, we affirm.

FACTS
Ms. Hansford began work as an emergency room tech at St. Francis on January 25, 2005. Ms. Hansford injured her back in August 2005 while moving an overweight patient onto a hospital gurney. Eight months later, on April 10, 2006, Ms. Hansford requested leave pursuant to the Family Medical Leave Act and St. Francis granted Ms. Hansford's application. St. Francis personnel informed Ms. Hansford that she would be referred other light-duty positions as they became available within the hospital and that she would be required to present a fitness-for-duty certification before she would be permitted to return to work.
On April 17, 2006, Ms. Hansford was referred by her family physician to orthopaedic surgeon Dr. Brian Bulloch. After examining Ms. Hansford, Dr. Bulloch determined that, because of her back pain, she would be restricted to 50 pounds lifting, pulling and pushing with limited bending, stooping and squatting, but that she could return to work on April 29, 2006.
Since Ms. Hansford's new physical restrictions rendered her incapable of performing her duties as an emergency room tech, St. Francis referred her to employment services where she would be notified of alternative positions within the Medical Center when they became available. According to St. Francis, employment services attempted to contact Ms. Hansford several times via telephone and email to notify her of job openings that had become available, but Ms. Hansford was never contacted through regular mail.
Ms. Hansford testified that she was unaware that anyone from St. Francis had ever attempted to contact her with available job openings. Ms. Hansford testified that she gave St. Francis notice of a workers' compensation claim via facsimile on May 5, 2006, and again on May 10, 2006, after being told the first facsimile was not received. On May 10, 2006, Ms. Hansford's employment with St. Francis was terminated.[1] As previously stated, Ms. Hansford then filed the instant suit for wrongful termination.
After a bench trial, the trial court ruled in favor of St. Francis, finding that Ms. Hansford failed to carry her burden of proof regarding the issue of retaliatory discharge. In its reasons for judgment, the trial court noted that St. Francis clearly showed through the testimony of two witnesses that Ms. Hansford was discharged for "reasons" other than for filing a workers' compensation claim. The trial court further observed that the notion that the circumstances surrounding Ms. Hansford's discharge may have seemed "odd" was simply not enough on which to base a judgment of retaliatory discharge.
Ms. Hansford now appeals.

DISCUSSION
On review, an appellate court may not set aside the findings of fact by the trial *1241 court unless those findings are clearly wrong or manifestly erroneous. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La. 1993); Rosell v. ESCO, 549 So.2d 840 (La. 1989). An appellate court must not base its determination on whether it considers the trier of fact's conclusion to be right or wrong, but on whether the fact finder's conclusion was reasonable. Stobart, supra. With regard to decisions of law, however, a trial court's ruling is subject to de novo review. Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90.
In order to reverse a fact finder's determination, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Salvant v. State, 05-2126 (La.7/6/06), 935 So.2d 646; Stobart, supra. The appellate court must not reweigh the evidence or substitute its own factual findings because it would have decided the case differently. Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 (La.4/3/02), 816 So.2d 270. Where the fact finder's conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell, supra.
Ms. Hansford asserts that she was wrongfully discharged in violation of La. R.S. 23:1361, which provides in pertinent part:
* * *
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with reasonable attorney's fees and court costs.
The purpose of this statute is to prevent unjust dismissals and to allow employees to exercise their right to workers' compensation benefits without fear of retaliatory action by their employers. Hooker v. Wal-Mart Stores, Inc., 38,350 (La. App. 2d Cir.4/7/04), 870 So.2d 1131, writ denied, 04-1420 (La.9/24/04), 882 So.2d 1142. In order to be entitled to recover for retaliatory discharge under La. R.S. 23:1361, the employee must establish by a preponderance of the evidence that she was discharged because she asserted a workers' compensation claim, either by presenting direct evidence that the assertion of a workers' compensation claim was *1242 the reason for the discharge or by presenting circumstantial evidence sufficient to establish more probably than not that the reason for the discharge was the assertion of the workers' compensation claim. Chivleatto v. Sportsman's Cove, Inc., 05-136 (La.App. 5th Cir.6/28/05), 907 So.2d 815.
If the employer gives an alternative nondiscriminatory reason for the discharge, and presents sufficient evidence to prove more probably than not that the real reason for the employee's discharge was something other than the assertion of the workers' compensation claim, the plaintiff is precluded from recovery. Chivleatto, supra. If the employer offers another reason for firing the workers' compensation claimant, the trial court must ascertain the employer's true reason or motive based on the facts presented. Hooker, supra. If the trial court finds that it is more probable than not that the employer's nondiscriminatory explanation for the discharge is just a guise for retaliatory discharge, the employee is entitled to recovery. Chivleatto, supra.
Timing of the dismissal alone is insufficient to carry the employee's burden of proof. King v. Career Training Specialists, Inc., 35,050 (La.App. 2d Cir.9/26/01), 795 So.2d 1223. Employee fault may be a sufficient independent basis for termination coincident with the employee's filing of a compensation claim. Myers v. Omni Hotel, Inc., 94-2004 (La. App. 4th Cir.4/13/95), 654 So.2d 771.
In Ms. Hansford's first assignment of error, she argues that the trial court erred in failing to find that she was terminated in violation of La.R.S. 23:1361. Ms. Hansford contends that the close proximity in timing with regard to her application for workers' compensation followed by her subsequent discharge from the hospital indicates that she was fired because she filed the workers' compensation claim. In support of her position, Ms. Hansford sets forth a series of events leading up to and following her discharge, which she claims indicates that her discharge by St. Francis was retaliatory.
Ms. Hansford first points out that she was terminated on May 10, 2006, which is the same day she gave St. Francis notice of a workers' compensation claim via facsimile. Second, Ms. Hansford claims that no one from St. Francis ever contacted her to tell her that she had been discharged and that she only became aware that she had been fired when she went to fill some prescriptions and was told that her health insurance coverage had been terminated. Third, Ms. Hansford claims that, after she was injured and quit working as an emergency room tech, she was never notified by St. Francis that there were alternative employment positions available within the hospital.
At trial, St. Francis focused primarily on the testimony of two witnesses: (1) Ms. Mary Wiley, the Human Resources Manager of St. Francis during the time in question, and (2) Ms. Debbie Horstman, the Human Resources Director of St. Francis. Ms. Wiley and Ms. Horstman testified that Ms. Hansford was terminated from St. Francis because she was deemed to have "abandoned" her job. Ms. Wiley testified that St. Francis personnel did, in fact, contact Ms. Hansford several times via phone and email to inform her of new available job openings at the hospital; but, Ms. Hansford was never available to speak over the phone and never responded to the emails.
Additionally, Ms. Wiley and Ms. Horstman testified that the St. Francis Human Resources Department was not responsible for processing or handling workers' compensation claims. St. Francis argues that, because the Human Resources Department handled Ms. Hansford's termination and because it does not process *1243 workers' compensation claims, it is impossible that Ms. Hansford's discharge was retaliatory. St. Francis contends that the close proximity in time between Ms. Hansford filing a workers' compensation claim and her subsequent discharge is not enough to prove that the discharge was retaliatory. We agree.
The record supports the trial court's ruling that Ms. Hansford did not carry her burden of proof by presenting sufficient evidence of retaliatory discharge. St. Francis has shown through the testimony of two witnesses that it had nondiscriminatory reasons for Ms. Hansford's discharge, i.e., she abandoned her job. The record gives no indication that Ms. Hansford presented any proof that St. Francis's nondiscriminatory reason for Ms. Hansford's termination was a guise for retaliatory discharge. Thus, we find no error in the trial court's ruling denying Ms. Hansford's claims under La. R.S. 23:1361.
Ms. Hansford further argues in this assignment that the trial court improperly admitted into evidence attachments to a letter written by Human Resources Manager Ms. Wylie. Ms. Hansford argued that the documents constituted hearsay, but the trial court admitted into evidence the letter with all attached documents citing the business records exception. We agree with the trial court's ruling on this issue and find that the letter and attached documents were properly admitted into evidence.
Additionally, Ms. Hansford asserts that the trial court erroneously permitted questioning of defense witness Ms. Wylie with regard to other St. Francis personnel notifying Ms. Hansford of alternative positions within the hospital. Ms. Hansford argued that Ms. Wylie's answers constituted hearsay, but the trial court overruled the objection and permitted the questioning to continue, stating that the evidence went toward weight rather than admissibility. We find no error in the trial court's ruling on that issue.
Ms. Hansford further urges that St. Francis's personnel rules are a form of "institutionalized discrimination" because they allow or require the termination of an injured employee whose injury is work-related. We disagree. The plain text of La. R.S. 23:1361(B) specifically provides and allows for this type of action by employers; thus, Ms. Hansford's argument on this issue is without merit.
In her second assignment of error, Ms. Hansford argues that the trial court erred in failing to award her damages equal to the amount of one year's wages in the amount of $18,364.32, plus judicial interest and attorney fees in the amount of $5,000. Given our discussion of Ms. Hansford's claims pursuant to La. R.S. 23:1361 in her first assignment of error, we pretermit any discussion on the issues of damages and attorney fees.

CONCLUSION
For the foregoing reasons, the judgment of the trial court denying Jada Hansford's claims for retaliatory discharge pursuant to La. R.S. 23:1361 is affirmed. Costs of appeal are assessed to Ms. Hansford.
AFFIRMED.
NOTES
[1] According to St. Francis, Ms. Hansford was terminated because hospital personnel had concluded that she intended to abandon her job after several failed attempts to contact her via telephone and email with available job openings.