269 So.2d 500 (1972)
Floyd A. COMEAUX et al.
v.
COMMERCIAL UNION INSURANCE COMPANY et al.
No. 5103.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 1972.
*501 A. J. Marciante, New Orleans, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Weigel, New Orleans, for defendants-appellants.
Before REDMANN, LEMMON and STOULIG, JJ.
STOULIG, Judge.
This is an appeal from a judgment awarding $15,394.31 for personal injuries to plaintiff's 5-year-old daughter. While attending Prytania Day Camp, the child suffered a severing of the distal phalanxes of her ring and middle fingers caused by a desk's toppling over on her hand. There being no eyewitnesses to the accident, the manner of its occurrence must be inferred from circumstances and the testimony of the injured party.
At the time of the accident, Daphne Comeaux was one of a group of children who were under the supervision of two counselors, 14 and 15 years of age. The children were located in a classroom of the Prytania School, where they were changing to their bathing suits. While the attention of both counselors was focused elsewhere, Daphne and another young girl apparently climbed on top of a school desk, which toppled over causing the aforementioned injuries.
In his reasons for judgment, the trial judge observed that the desks in the room were unsecured to the floor. He specifically found the defendant Harry B. DeKay, Jr., operator of the day camp, negligent in that he "* * * should have either had more counselors in the room with the girls (which numbered between 20 and 30) or should have had older counselors in the room who would have been more acutely aware of the dangers that these children of tender age were exposed to in the room by sitting on top of the desks." Appellants challenge this finding of negligence and the reasonableness of the damages awarded.
A careful review of the testimony and exhibits filed convinces us that the operator was negligent, though not for the specific reason that the counselors were immature or their number insufficient. They had served in the same capacity the previous summer. Furthermore, at the beginning of the current session they were briefed on safety procedures including instructions not to allow the campers to sit on the desks. These warnings were repeatedly given to the children, thus establishing that the defendant was aware of the danger presented.
While the law imposes a duty upon the operator of a nursery to exercise the highest degree of care toward the children, he does not thereby become their unconditional insurer against injury. Oldham v. Hoover, 140 So.2d 417 (La.App. 1st Cir. 1962). The fulfillment of the obligation owed does not exact individual supervision of each child at all times and places. *502 Bourgeois v. Indemnity Ins. Co. of North America, 60 So.2d 718 (La.App.Orl.1952). Reasonable competent supervision commensurate with the age of the child and the attendant circumstances is sufficient.
The supervision afforded by the defendant meets these requirements.
However, we do find the defendant negligent in utilizing, for the activities of young children, a room which exposed them to the hazards of unstable desks.
The injured child testified that the desk upon which she was sitting toppled. The photographs in evidence reflect that these desks are constructed with four metal-capped legs arranged in a tripod configuration, none of which are located immediately beneath a corner of the top. These desks are not designed to be attached to the floor and were placed on a smooth terrazzo surface, providing very little traction. As a result of these concurrent factors, there was a tendency for the desks to topple and slide upon the application of off-centered weight to their tops.
Assuming that the statement of the defendant is accurate, the mere fact that this type of desk is standard equipment for elementary classroom use does not, per se, render it either suitable or safe equipment for the activities of 5-year-old children in summer camp. The nature of use and standard of conduct differ significantly between the formal classroom and summer camp.
Obviously the defendant was aware that the desks posed a continuing potential hazard, as evidenced by his repeated warnings of this danger to the counselors and, through them, to the children. His failure to take the necessary and reasonable precautions to minimize these dangerous elements constitutes negligence.
Appellants also complain that the award of $15,000 for the injuries sustained by the child is so excessive as to constitute an abuse of discretion. A review of the medical testimony reflects that the little girl sustained the loss of the distal phalanx of both the ring and middle fingers of her left hand, her dominant member. As the result of the injury there is a permanent "club-like" protrusion at the end of the middle finger. Neither of the two plastic surgeons consulted was of the opinion that surgery could enhance the appearance of the hand. While the award may be generous, we do not feel it is excessive.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellants.
Affirmed.