490 So.2d 1162 (1986)
Gloria MARCANTEL and Jerry Marcantel, Plaintiffs-Appellees,
v.
ALLEN PARISH SCHOOL BOARD, et al, Defendants-Appellants.
No. 85-717.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
Rehearing Denied July 24, 1986.
Douglas Hebert, Jr., Kinder, for defendant-appellant-appellee.
John P. Navarre, Oakdale, Walter M. Hunter, Jr., Alexandria, for plaintiff-appellee-appellant.
*1163 Before STOKER, YELVERTON and BERTRAND,[*] JJ.
Prior Report: 484 So.2d 322.
STOKER, Judge.
The Allen Parish School Board appeals a judgment finding it liable to a junior high school student for injuries he sustained during a physical education class.

FACTS
Jerry Marcantel was a 12-year-old seventh grader at Oakdale Junior High School. On December 8, 1981 his right femur was fractured during his sixth hour physical education class when a fellow student fell on the leg. Ms. Linda Citizen was the physical education teacher. Ms. Pansy Richard, a teacher's aide, was sent to take over the class so that Ms. Citizen could attend a conference with the principal. The accident took place near the end of the period, and there was some dispute as to whether Ms. Citizen had returned from the conference.
The trial judge found that Jerry was injured while engaged in a makeshift football game being played with a paper cup. The two adults were unaware of the game. The boys knew that they were not supposed to play such rough games, and knew they were disobeying the teacher's instructions to walk around the track.
Jerry was taken by ambulance to the hospital in Oakdale where he was examined by Dr. Nesom. He was transferred to Huey P. Long Charity Hospital in Pineville and he remained in traction there for five and a half weeks. Thereafter he was placed in a cast which covered everything from his chest down. He remained in the cast for an additional five to six weeks at home. When the cast was removed, he was confined to a wheelchair for another month and a walker for two months after that.
Dr. Perdue, an orthopedic surgeon Jerry saw at the request of his attorney, testified that Jerry's right leg is two and a half inches shorter than his left leg, give or take a half an inch. Dr. Perdue said the shortening was the result of the premature closure of the growth centers in Jerry's right leg. He explained that at each end of the bone there is a section of cartilage which is where the growth of the bone occurs. Injury to these growth centers may impair the development of the bone. Dr. Perdue was somewhat puzzled in this case because the injury did not occur at a growth center and yet it appears that all three growth centers in Jerry's right leg have prematurely closed.

ACTION IN THE TRIAL COURT
Gloria Marcantel, on behalf of her son Jerry, filed suit against the Allen Parish School Board, Linda Citizen, and International Indemnity Insurance Company. Later she added Pansy Richard. The judge concluded that Linda Citizen and Pansy Richard were not at fault, but that judgment should be rendered against the Allen Parish School Board and its insurer because of its negligence and failure to properly supervise the physical education class, resulting in a rough game and injuries to the plaintiff. The court awarded Jerry $200,000.
The Allen Parish School Board appeals. The Marcantels also appeal the finding that Ms. Citizen and Ms. Richard were not negligent.

ISSUES OF LIABILITY AND COMPARATIVE NEGLIGENCE
Apparently the trial court based its finding of liability on the negligence of the School Board in withdrawing the qualified teacher from the class and not providing other adequate supervision. Implicit in this finding is a belief that Ms. Citizen had not returned to the field before the accident occurred. However, the testimony is to the contrary. Ms. Citizen states that she saw the fall in which Jerry's leg was broken. Ms. Richard and three of Jerry's classmates testified that she had returned. *1164 We believe the evidence shows that the teacher was present at the time of the accident. Any other conclusion would be clearly erroneous.
In light of our factual determination that Ms. Citizen had returned to her class, we disagree with the trial court's holding that the school board was negligent in failing to provide adequate supervision. There is no suggestion that Ms. Citizen was not sufficiently qualified to supervise the 30 to 35 students.
The trial judge found no negligence on the part of Ms. Citizen in not stopping the game, presumably because he believed she was not there. Since we have concluded that she had returned to the class, we must consider whether she was personally negligent.
The game engaged in by Ms. Citizen's students was an ordinary activity for boys of their age. Most of them had played it before in their own yards. Although Jerry testified that he was "not into sports" and had never participated in this sort of activity before, he did not view the game as particularly dangerous, and it was not unusual that he might want to join in.
We hesitate to find that Ms. Citizen breached her duty in this case. In Partin v. Vernon Parish School Bd., 343 So.2d 417 (La.App. 3d Cir.1977), this court said:
"We recognize that a school teacher charged with the duty of supervising the play of children must exercise a high degree of care toward the children, however, the teacher is not the absolute insurer of the safety of the children she supervises. Our law requires that the supervision be reasonable and commensurate with the age of the children and the attendant circumstances. There is no requirement that the supervisor, especially where the play of some ninety children is being monitored, have each child under constant and unremitting scrutiny. Nash v. Rapides Parish School Board, supra [188 So.2d 508]; Comeaux v. Commercial Union Insurance Company, 269 So.2d 500 (La.App. 4th Cir.1972); Bourgeois v. Indemnity Insurance Company of North America, 60 So.2d 718 (La.App.Orleans 1952); Selleck v. Insurance Company of North America, 182 So.2d 547 (La.App. 1st Cir.1966)."
However, we feel bound by Ms. Citizen's own testimony that she considered it her duty to prevent "roughhousing," and that she would have stopped the game if she had seen it. The evidence supports the trial judge's conclusion that the game had continued for some time before the accident, somewhere between 10 and 20 minutes. We feel that Ms. Citizen should have noticed the activity within this time. However, we find her only 5% at fault. The boys were old enough to understand that tackling each other might cause injury. This game was nothing that their parents would not allow at home. The students were aware that they were not allowed to engage in this activity at school. These factors militate against a finding of greater liability on the part of Ms. Citizen.
In light of the above discussion, we hold Ms. Citizen and her employer, the Allen Parish School Board, liable for 5% of Jerry Marcantel's damages. Ms. Richard owed no duty to the students once Ms. Citizen resumed control of the class, so she is not liable to Jerry.

DAMAGES
The appellee also asks that we adjust the award of $200,000. It claims that the medical testimony failed to establish a causal connection between the accident and the shortening of Jerry's leg. In addition, the appellee charges that the plaintiffs failed to mitigate Jerry's damages, and are not entitled to recover the full sum. We disagree with both contentions.
Dr. Perdue testified that Jerry's right leg is two and one-half inches shorter than his left leg, due to the premature closure of the growth centers in the right leg. Although he found it unusual that the grown centers would close when the injury did not occur to that area, he hypothesized that the phenomenon was the reaction of Jerry's body to the trauma. While he refused to make an unqualified connection between the accident and the leg shortening, the evidence as a whole preponderates in favor *1165 of the connection. Jerry's legs were equal in length before the accident. Shortly thereafter, the growth centers closed. No other cause was established. The trial judge did not err in concluding that the condition was a result of the accident.
Dr. Perdue agreed that the disparity in the lengths of Jerry's legs could have been "considerably minimized" if Mrs. Marcantel had taken him for treatment earlier, as advised by the doctor. The closure of the growth centers was not noted until a year after the accident. By that time, Jerry had already developed a limp as the growth in the right leg already had been stunted. The doctor stated that an arrest of the growth in the left leg even at that time would not have equalized his legs. The evidence is insufficient to show that the Marcantels could have mitigated their damages by seeking earlier treatment.
In conclusion, Ms. Linda Citizen and the Allen Parish School Board are liable in solido to the Marcantels for 5% of the $200,000 in damages found by the trial court, together with legal interest from date of judicial demand. Costs of the trial court and the costs of these appellate proceedings are assessed in the proportion of 95% to plaintiffs and 5% to defendants.
MODIFIED AND AFFIRMED AS MODIFIED.
NOTES
[*] Lucien C. Bertrand, Jr. of the Fifteenth Judicial District Court participated by appointment of the Louisiana Supreme Court as Judge Pro Tempore.