772 So.2d 208 (2000)
Raymond FREDERICK and Susan Frederick Individually and on Behalf of their Minor Daughter, A.F. and Joseph Washington and Sherry Washington Individually and on Behalf of their Minor Daughter, S.W.
v.
VERMILION PARISH SCHOOL BOARD, Walter, "B.J." Levy, Alton J. Verrett, as Administrator of the Estate of his Minor Son, Z.V., Charlotte Nolan as Administrator and Natural Tutor of the Estate of her Minor Son, Q.N., and Betty Frederick as Administrator and Natural Tutor of the Estate of her Minor Son C.F., and Larry Moore as Administrator and Natural Tutor of the Estate of his Minor Son, T.M.
No. 00-382.
Court of Appeal of Louisiana, Third Circuit.
October 18, 2000.
Writ Denied January 12, 2001.
*210 Tammy P. Northup, Baton Rouge, Louisiana, Counsel for Plaintiffs/Appellants.
James Pate, Lafayette, Louisiana, Counsel for Defendant/Appellee Vermillion Parish School Board.
P. Charles Calahan, New Iberia, Louisiana, Counsel For Defendant/Appellee The Verrets.
K. Wade Trahan, Abbeville, Louisiana, Counsel for Defendant/Appellee The Moores.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge OSWALD A. DECUIR, and Judge JIMMIE C. PETERS).
WOODARD, Judge.
This is a tort action, arising out of the alleged negligence which a school, located within the Vermilion Parish School District, committed. Namely, two students, A.F. and S.W., expecting to attend band practice following regular school hours, instead, allegedly, became the victims of a brutal sexual assault. They say that they never received notice that the practice had been canceled; thus, the School Board is responsible for their injuries.
The trial court dismissed S.W.'s claim against the Vermillion Parish School Board (School Board) in a partial motion for summary judgment. She appealed that judgment. The only issue sub judice is whether genuine issues of material fact remain regarding the School Board's liability to S.W. and, if not, is summary judgment appropriate as a matter of law.
Among other requirements to establish that the School Board is liable, S.W. must show that it owed her a duty, that it breached it, and that the breach was the legal cause of her injuries.
School Boards owe a duty of reasonable competent supervision commensurate with the student's age and the circumstances of the case. Such a duty applies when a student is on campus during regular school hours, when waiting on the school grounds for a school bus, and when participating in after-hour, school-sanctioned activities.
Based on the record before us, under a duty/risk analysis, we find that the risk of S.W.'s injuries was not within the scope of protection which the school owed her; thus, the School Board's actions were not the legal cause of her injuries. We affirm.

*211 * * * * *
On November 7, 1996, A.F. and S.W., students at Abbeville High School in Abbeville, Louisiana, remained within the school facility, after school hours, to attend their regularly scheduled band practice. They claim that neither of them received notice of the canceled band practice, which they surmised had happened upon arriving at the band room. By then, the school bus had left, and, apparently, no school official was there. Unsuccessfully, A.F. attempted to contact her parents for transportation home. Shortly thereafter, the girls ran into four other male students, also still at school. At this point, the portrayal of the facts differs dramatically. The pleadings assert that, ultimately, these boys forced both girls into the car by threatening them with bodily harm if they refused. However, in an excerpt from her deposition, S.W. emphatically states that no one was forced into the car; that the girls willingly accepted a ride, expecting to be driven home. Instead of driving them home, however, she alleges that the boys drove them to a sugar cane field, where all of them heinously raped both A.F. and S.W., repeatedly. Prosecution ensued, as well as this civil suit. Both A.F. and S.W., and their representatives, filed a petition against the alleged tortfeasors, their representatives, and the School Board for the injuries which they sustained as a result of their sexual assault. The School Board filed a motion for partial summary judgment, regarding S.W.'s petition, which the trial court granted on November 30, 1999. S.W. appeals.

PRELIMINARY CONSIDERATIONS
Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[1]
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, that party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake.[2] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[3] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains.[4] Then, the issue is whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[5] Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[6]
Facts are material if they determine *212 the outcome of the legal dispute.[7] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[8]
Regarding the threshold hurdle in the instant case, all we have before us, factually, regarding S.W.'s claim are short excepts from her and her mother's depositions; pleadings, which she did not verify; the School Board's statement of undisputed facts; and the principal's affidavit. Essentially, she has not placed a single material fact into dispute. Thus, we will analyze whether the mover is entitled to a judgment as a matter of law.
S.W.'s claim against the School Board sounds in tort. To prevail in tort, Louisiana law requires proving five separate elements,[9] to wit: (1) duty; (2) breach of duty; (3) cause-in-fact; (4) scope of liability or protection; and (5) damages.[10]
Of the five aforementioned prerequisites, we only need to discuss the following.

DUTY AND ITS BREACH
Whether a party owes a duty to another is a question of law.[11] In the case sub judice, it is well settled that school boards owe a duty of reasonable competent supervision, which is commensurate with the students' age and the circumstances of the case.[12] However, it is not the insurer of the students' safety and lives.[13] A school board may be liable only when it has actual custody of the students entrusted to its care.[14] "The duty of reasonable supervision is generally always present when a child is on campus during regular school hours ....",[15] is waiting on the school's grounds for a school bus,[16] and is participating in after-hour, school-sanctioned activities.[17]
From our jurisprudence, it can be gleaned that when parents surrender custody of their children to school authorities, whether during regular school hours or for school sanctioned after-hours activities, they, in effect, also tender the control and care of those children to the school. In essence, when the school accepts custody, it stands in the shoes of the parent regarding the authority to control the student while there; in turn, it must also assume the responsibility to supervise. Obviously, one cannot exist without the other.
In the case sub judice, band practice was a regularly scheduled after-hours school activity to take place on the school grounds immediately following classes. The duty to supervise extended to the end of band practice when the authority for the student would, in effect, be returned to the parents. Accordingly, it stands to reason that it is the school's responsibility to make a reasonable attempt to notify involved students of a change in the schedule, so that other arrangements for their care and supervision can be made, or to have a school official present, as it still has the responsibility for the child within the perimeters previously stated.
In this case, S.W. claims that she did not receive notice of the cancellation, and the School Board states, in a document entitled *213 Statement of Undisputed Facts, that "[f]or some reason or another, neither [A.F.], nor [S.W.] received notice that band practice had been canceled." Although it is curious how A.F. and S.W., apparently, were the only band members who did not know that practice was canceled, we have no information before us to determine whether this was through the fault of the girls or that of the school. Regardless, our analysis, for the appropriateness of a summary judgment as a matter of law, does not turn on the notice issue. Even if we were to assume that it was the School Board's fault that the girls did not know practice had been canceled and that it breached its duty by not providing supervision, we must determine if the scope of protection, which it owed to S.W., encompassed the event which happened off of school grounds.

SCOPE OF DUTY
Another sine qua non element required to prove tort liability concerns the scope of liability or protection, also commonly referred to as legal cause.[18] We must inquire whether, as a matter of policy, the particular risks, that originally triggered the imposition of a duty, fall within the duty's scope.[19] In other words, did the School Board's duty extend to protect S.W. from the harm that she suffered in the fashion in which it arose. The axiomatic question to which our reasoning leads is whether we find an ease of association between the injury, which S.W. suffered, and the duty we imposed on the School Board.[20]
First, we find nothing on point in the law which imposes liability for off-campus incidents comparable to our circumstances. Secondly, we deem the injuries, which S.W. suffered, to be too remotely associated with the School Board's duty. Pivotal to our finding is that S.W. admits that she was not forced into the car, that she willingly accepted the ride. Additionally, she is a teenager; she knew the driver and had ridden with him in the past; she presented no evidence of a criminal history concerning these boys or any reason to fear them or that her parents would have objected. Thus, even if there had been supervision during this time, it would have been reasonable for the school official not to have perceived a danger, as S.W., presumably did not. And the school has no control or authority over that which happens off of school grounds. In other words, more probably than not, supervision would have yielded the same result; thus, supervision was irrelevant to the ultimate harm which S.W. suffered.
Accordingly, as a matter of law, we find that S.W.'s case must fail on the issue of scope of the duty/legal cause. We affirm the trial court's summary judgment.

CONCLUSION
The risk of the harm, which S.W. suffered, was not within the scope of the duty of protection which the School Board owed to her. Accordingly, we affirm the trial court's summary judgment and assess all costs of the appeal to S.W.
AFFIRMED.
NOTES
[1] La. Code Civ.P. art. 966(B).
[2] Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
[3] Id.
[4] Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.
[5] Id.
[6] Id.
[7] Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/08/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
[8] Id.
[9] Cormier v. T.H.E. Ins. Co., 98-2208 (La.9/8/99); 745 So.2d 1.
[10] Bullara v. Checker's Drive-In Restaurant, Inc., 98-1331 (La.App. 3 Cir. 3/3/99); 736 So.2d 936.
[11] Hardy v. Bowie, 98-2821 (La.9/8/99); 744 So.2d 606.
[12] Jackson v. Colvin, 98-182 (La.App. 3 Cir. 12/23/98); 732 So.2d 530.
[13] Id.
[14] Id.
[15] Id.
[16] Id.
[17] Id.
[18] E.P. v. City of Lafayette, 98-802 (La.App. 3 Cir. 12/9/98); 722 So.2d 1182, writ denied, 99-86 (La.3/12/99); 739 So.2d 204.
[19] Nicholson v. Calcasieu Parish Police Jury, 96-314 (La.App. 3 Cir.12/11/96); 685 So.2d 507.
[20] Id.