NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-629

S.J., INDIVIDUALLY AND ON BEHALF
OF HER MINOR DAUGHTER, C.C.

VERSUS

LAFAYETTE PARISH SCHOOL BOARD, ET AL.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2005-1082,
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Jeffery F. Speer
J. Louis Gibbens, III
Jason E. Fontenot
Doucet-Speer & Gibbens
Post Office Box 4303
Lafayette, Louisiana  70502-4303
(337) 232-0405
Counsel for Plaintiffs/Appellants:
    S.J.
    C.C.

**L. Lane Roy**
**Catherine M. Landry**
**Preis, Kraft & Roy**
**Post Office Drawer 94-C**
**Lafayette, Louisiana 70509**
**(337) 237-6062**
**Counsel for Defendants/Appellees:**
    **Lafayette Parish School Board**
    **Marie Reed**

**Kay Karre Gautreaux**
**Attorney at Law**
**405 W. Convent Street**
**Lafayette, Louisiana 70501**
**(337) 232-7747**
**Counsel for Defendant/Appellee:**
    **Marie Reed**

SULLIVAN, Judge.

Plaintiff, S.J., appeals the grant of summary judgment in favor of Lafayette Parish School Board and Marie Reed. We affirm.

### *Facts*

S.J. filed suit against the Lafayette Parish School Board (the Board) and Marie Reed, a teacher employed by the Lafayette Parish School Board, alleging that it is liable for injuries sustained by her daughter, C.C., when she was raped as she walked home from school on November 4, 2004. C.C., who attended Lafayette Middle School, was required to stay after school that day for a behavior clinic. S.J. asserts that the school's employees negligently supervised C.C. after the behavior clinic concluded because she was not provided transportation home and she was prohibited from using a telephone to call home for transportation.

The Board filed a motion for summary judgment, urging that it is not liable for C.C.'s alleged injuries. It disputes that transportation was not provided for C.C. and that C.C. was prohibited from using a telephone to call her mother for transportation. The Board argues for purposes of its motion only that, assuming the facts alleged by S.J. are true, it is not liable for any injuries C.C. may have sustained as a result of the alleged rape.

### *Summary Judgment*

Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to

judgment as a matter of law." La.Code Civ.P. art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Hines v. Garrett,* 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

Paragraph C(2) of La.Code Civ.P. art. 966 is pertinent here; it provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

### *Discussion*

School boards have a duty of reasonable care and supervision for their students. La.Civ.Code art. 2320. This care and supervision must be reasonable, competent, and appropriate to the age of the children and the circumstances. However, school boards are not insurers of the safety of their students. *Wallmuth v. Rapides Parish Sch. Bd.*, 01-1779, 01-1780 (La. 4/3/02), 813 So.2d 341. "Constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision." *Id.* at 346, quoting *Adams v. Caddo Parish Sch. Bd.*, 25,370 (La.App. 2 Cir. 1/19/94), 631 So.2d 70, 73, *writ denied*, 94-684 (La. 4/29/94), 637 So.2d 466.

To prevail on her claims, S.J. must prove that the Board breached a duty it owed to C.C. and must prove a causal connection between the breach and C.C.'s rape. *Domingue v. Lafayette Parish Sch. Bd.*, 03-895 (La.App. 3 Cir. 6/16/04), 879 So.2d 288, *writ denied*, 04-1803 (La. 10/29/04), 885 So.2d 588. S.J. must also prove that "the risk of unreasonable injury [was] foreseeable, constructively or actually known,

2

and preventable if a requisite degree of supervision had been exercised." *Wallmuth*, 813 So.2d at 346, quoting *Wallmuth v. Rapides Parish Sch. Bd.*, 01-42, p. 5 (La.App. 3 Cir. 5/16/01), 802 So.2d 28, 32. Therefore, we must determine if the Board's duties of care, supervision, and transportation encompassed C.C. being raped as she walked home from school.

Citing *Jackson v. Colvin*, 98-182 (La.App. 3 Cir. 12/23/98), 732 So.2d 530, *writ denied*, 99-228 (La. 3/19/99), 740 So.2d 117, the Board argues that it had no duty to insure C.C.'s safety as she walked home. This court concluded in *Jackson*, that the school board was not liable for injuries sustained by a nine-year-old student who was injured as she crossed a busy highway when she was walking home from school after an extracurricular activity. Recognizing that school boards are required to provide transportation for students who live more than one mile from school, this court observed:

> *Unless a school board provides transportation for a child there is no custodial relationship and therefore no duty of supervision to and from school.* La.R.S. 17:158 authorizes a school board to provide free transportation for students residing more than one mile from the school they attend. School boards are not authorized to provide transportation for students residing within one mile of their school. Santana resided within a mile of her school. A school board in these circumstances is not responsible for students who walk to and from school. *The duty of supervision does not apply before or after school hours and off school property.*

*Id.* at 534 (emphasis added). The Board argues it is not liable for C.C.'s injuries because its duty of supervision did not apply after school hours and off school property.

S.J. distinguishes the facts in *Jackson* from the facts here and argues that the Board did breach a duty it owed to C.C. In *Jackson*, the student was allowed to use the telephone to call home after her extracurricular activity before she left the school.

3

Her grandmother instructed her to walk home, and she was injured as she walked home. As noted in *Jackson*, La.R.S. 17:158 addresses a school board's duty to transport students to and from school. S.J. asserts that C.C. lived more than one mile from Lafayette Middle School, and the Board does not deny this fact. Therefore, the Board had a duty to provide C.C. transportation to and from school. Whether this duty includes providing transportation for activities which occur at the school before and after normal school hours is not addressed by the statute, the jurisprudence, or the parties. For the following reasons, we need not address this issue.

In *Harris v. Pizza Hut of La., Inc.*, 455 So.2d 1364, 1371 (La.1984) (citations omitted), the supreme court held: "Generally, there is no duty to protect others from the criminal activities of third persons. However, when a duty to protect others against such criminal misconduct has been assumed, liability may be created by a negligent breach of that duty." The supreme court later held in *Posecai v. Wal-Mart Stores, Inc.*, 99-1222, p. 5 (La. 11/30/99), 752 So.2d 762, 766, that the duty to protect others from criminal activity "only arises under limited circumstances, when the criminal act in question was reasonably foreseeable." In *Posecai*, the supreme court found the most important factor to be considered in determining whether an act was foreseeable is the existence, frequency, and similarity of prior incidents of crime on the premises; the location, nature, and condition of the property should also be taken into account.

There is no evidence of crime along the route C.C. walked that afternoon, and nothing in the record suggests that it was "reasonably foreseeable" to the Board that any student would be raped as he or she walked home from school. Therefore, other students who lived a mile from school in the general area where the rape occurred

4

must have regularly walked home from school without incident. Thus, we conclude that S.J. has failed to establish that she can satisfy her evidentiary burden of proof at trial, and summary judgment is appropriate. La.Code Civ.P. art. 966(C)(2).

S.J. argues that this court's decision in *D.C. v. St. Landry Parish Sch. Bd.*, 00-1304 (La.App. 3 Cir. 3/7/01), 802 So.2d 19, *writ denied*, 01-981 (La. 5/25/01), 793 So.2d 169, supports her claims. We do not agree. In *D.C.*, the student reported to school but was allowed to leave the school alone during school hours to walk home to change clothes; she was sexually assaulted as she walked home. Importantly, the assault occurred during school hours when the student's care was entrusted to the school board. Allowing the student to leave the school grounds alone during school hours was a violation of the school's policies. Furthermore, the area where the student was assaulted was known for illegal activity. Here, school was over for the day, and there is no evidence of crime in the area where C.C. was allegedly raped.

In *Frederick v. Vermilion Parish Sch. Bd.*, 00-382 (La.App. 3 Cir. 10/18/00), 772 So.2d 208, *writ denied*, 00-3171 (La. 1/12/01), 781 So.2d 561, two girls were raped after they left school with fellow students when they learned that band practice had been cancelled. The girls did not have prior notice of the cancellation and, therefore, had not informed their parents. As a result, they did not have transportation home. This court determined that the sexual assault which occurred after school off the school grounds was not within the scope of the school board's duty to the student victims because the school board's failure to supervise the girls was not the legal cause of the assaults. Important to this determination was the fact that the plaintiff admitted she was not forced into the car and had previously ridden with the driver. However, the panel also noted that it found "nothing on point in the law which

5

imposes liability for off-campus incidents comparable" to the circumstances therein and found the injuries suffered "too remotely associated with the School Board's duty." *Id.* at 213. The situation here is comparable.

*Lee v. B & B Ventures*, 00-1734 (La.App. 4 Cir. 5/23/01), 793 So.2d 215, *writ denied*, 01-2768 (La. 1/11/02), 807 So.2d 236, is also similar to this case. A parent whose child was shot in the parking lot after a school dance held at a local dance club sued the school board, claiming the school board should have had more than the one security officer provided by the club on duty for the dance. The victim was shot in the parking lot by another dance attendee when he yelled at the other attendee for the attendee to move his car so the victim could back his car out. The victim was invited to the dance by a student of the school that sponsored the dance. The dance was cancelled after two girls began fighting; school officials made all students and their guests leave the club. The school board was not the owner of the club, but the court still employed the supreme court's reasoning in *Posecai* to determine whether the school board owed a duty to the students and their guests for the criminal activity which occurred at the dance. In *Lee*, there was no evidence of prior criminal activity on the premises of the dance club, and the court concluded that the school board:

> [D]id not possess the requisite degree of foreseeability for the imposition of a duty to provide additional security in its parking lot. Nor was the degree of foreseeability sufficient to support a duty to implement any lesser security measures. Thus, the [school board] owed no duty to protect plaintiff from the criminal acts of third parties under the facts and circumstances of this case.

*Id.* at 217-18.

Here, as in *Lee*, the criminal acts of a third party were not foreseeable to the Board, and we find that the Board did not have a duty to protect C.C. from the criminal acts of third parties as she walked home.

6

***Disposition***

The judgment of the trial court is affirmed. All costs of this appeal are assessed to the Lafayette Parish School Board.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.