959 So.2d 884 (2007)
S.J., Individually and on Behalf of Her Minor Daughter, C.C.
v.
LAFAYETTE PARISH SCHOOL BOARD, et al.
No. 06-C-2862.
Supreme Court of Louisiana.
June 29, 2007.
Doucet & Speer, Jeffery F. Speer, Julian Louis Gibbens, III, Jason Emile Fontenot, Lafayette, for applicant.
Preis, Kraft & Roy, Larry Lane Roy, Catherine Marie Landry, Dawn L. Morris, Kay Marie Karre, Lafayette respondent.
Robert Lloyd Hammonds, Carla Shedawn Courtney, and Brett Michael Searcy, Baton Rouge, for Louisiana School Boards Association, Amicus Curiae.
PER CURIAM.
Plaintiff, S.J. individually and as tutor of her minor daughter, C.C., filed the instant petition for damages against the Lafayette Parish School Board and Gladys Marie Reed, a teacher employed at the Lafayette Middle School. Plaintiff alleged defendants were negligent for their failure to exercise adequate and/or reasonable supervision over C.C. while she attended a school sanctioned activity.
Upon defendants' motion, the district court granted summary judgment and dismissed plaintiff's suit with prejudice, finding a school board had no duty to safeguard a child after he or she leaves school property. The court of appeal affirmed the judgment of the district court in an unpublished opinion. We granted plaintiffs' application for certiorari to consider the correctness of that ruling.
We now render judgment, consisting of this decree.

DECREE
The judgment of the district court granting summary judgment in favor of defendants is reversed. The case is remanded to the district court for further proceedings.
JOHNSON, J., concurs and assigns reasons.
VICTORY, J., dissents.
KNOLL, J., dissents and assigns reasons.
*885 WEIMER, J., concurs and assigns reason, joined by KIMBALL and TRAYLOR, JJ.
JOHNSON, J., concurring.

FACTS AND PROCEDURAL HISTORY
On November 4, 2004, C.C., a twelve-year old sixth grade student at Lafayette Middle School in Lafayette, Louisiana, was required to attend an after school Behavior Clinic on the campus of the school. The Behavior Clinic ended at approximately 4:00 p.m., and the students were dismissed. C.C. walked home from the school grounds and was sexually attacked by an unknown assailant. Following the attack, C.C. was treated and evaluated at Lafayette General Medical Center in Lafayette, Louisiana
On March 3, 2005, S.J. filed a Petition for Damages, individually and as tutor of her minor daughter, C.C., against the defendants, LPSB, and Mrs. Reed, where she alleged that LPSB and Mrs. Reed were negligent for their failure to exercise adequate and/or reasonable supervision over C.C. while she attended an after school sanctioned activity on November 4, 2004. The Defendants answered the Petition for Damages generally denying any responsibility or liability for C.C.'s injuries, and subsequently filed this Motion for Summary Judgment pursuant to LSA-C.C.P. art 966, asserting that there was no genuine issue of material fact and that they were entitled to judgment has a matter of law. LPSB and Mrs. Reed argued in their memorandum in support of the motion for summary judgment that the plaintiffs could not establish a duty or a breach of duty by the defendants, and that before liability can be imposed upon the defendants, "there must be proof of negligence in providing supervision, proof of a causal connection between the lack of supervision and the injury, and the risk of the injuring(sic) must be foreseeable, constructively or actually known, and preventable."
After hearing the motion for summary judgment, the trial court granted the defendants' motion, and dismissed the case with prejudice. The court stated that "case law is consistent that a school board has no duty to safeguard a childs [sic] well-being after he or she leaves the school property," citing Jackson v. Colvin, 98-182 (La.App. 3 Cir. 12/23/98); 732 So.2d 530, writ denied, 99-228 (La.3/19/99),740 So.2d 117, and Frederick v. Vermilion Parish School Board, 772 So.2d 208(La.App.3Cir.10/18/00).
The court of appeal affirmed the trial court's judgment granting the motion summary judgment. The court found that the school board had a duty to provide C.C. transportation to and from school because C.C. lived more than one mile from school citing Jackson, 732 So.2d at 534. However, the court concluded that there was no duty to provide transportation for activities which occur at the school before and after normal school hours.
In affirming the trial court's judgment, the court also concluded, that "the school board had no duty to protect C.C. from criminal activity of third persons as she walked home." The court noted that the duty to protect others from criminal activity "only arises under limited circumstances, when the criminal act in question was reasonably foreseeable," citing Posecai v. Wal-Mart Stores, Inc., 752 So.2d 762, 766(La.1999). The court of appeal concluded that S.J. failed to establish that she could satisfy her evidentiary burden of proof at trial because nothing in the record suggested that it was reasonably foreseeable that any student would be raped as she walked home from school. (Unpublished Opinion  S.J. individually *886 and on behalf of her minor daughter, C.C. v. Lafayette Parish School Board and Marie Reed, 06-0629, (La.App. 3 Cir.11/2/06), 940 So.2d 218).

LAW AND ANALYSIS
LSA-C.C. Art. 2320 provides, in pertinent part:
Teachers and artisans are answerable for the damages caused by their scholars or apprentices, while under their superintendence. (Emphasis added).
A school board, through its agents and teachers, owes a duty of reasonable supervision over students. LSA-C.C. art. 2320; Wallmuth v. Rapides Parish School Bd., XXXX-XXXX (La.4/3/02), 813 So.2d 341, 164 Ed. Law Rep. 511; Adams v. Caddo Parish School Bd., 25,370 (La App. 2 Cir. 1/19/94), 631 So.2d 70, writ denied, 94-684 (La.4/29/94), 637 So.2d 466. The supervision required is reasonable. Competent supervision must be appropriate to the age of the children, and the attendant circumstances. Jackson, supra. This duty does not make the school board the insurer of the safety of the children, and constant supervision of students is not required for educators to discharge their duty to provide adequate supervision. Adams, supra. In Comeaux v. Commercial Union Ins. Co., 269 So.2d 500 (La.App. 4th Cir.1972), the appellate court stated that, "Reasonable, competent supervision commensurate with the age of the child and the attendant circumstances." Id., at 502
In Gary On Behalf of Gary v. Meche, 626 So.2d 901 (La.App. 3 Cir.1993), the court held that a school board's duty to reasonably supervise young students is not restricted to school hours, and that school boards must have a policy to ensure that young children do not leave the school unattended. Gary answered the question of how far should the school board's duty extend.
In Gary, the court stated that:
In reaching [our] conclusion, we need not determine the appropriate method of supervision, for that is not within our province. Rather, we simply hold, as did the fourth circuit in Sutton v. Duplessis, 584 So.2d 362 (La.App. 4th Cir. 1991), that the School Board has a duty to provide reasonable supervision commensurate with the age of the children under the attendant circumstances. Specifically, the school must have a policy to ensure that young children . . . do not leave the school unattended. Id. at 905.
Generally, breach of a duty is the failure to exercise reasonable care under the circumstances. Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law § 6-1, at 139 (1996). The duty of reasonable supervision is generally always present when a child is on campus during regular school hours, is waiting on the school's ground for a school bus, or is participating in an after school, sanctioned activity such as band rehearsal or sport related practices. (Emphasis added).
LSA-R.S. 17:158(A)(1) provides:
Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school. (Emphasis added.)
The statute is mandatory and requires that the school board shall provide free *887 transportation for students residing more than one mile from the school they attend. Although school boards generally are not responsible for what occurs after school hours, or off school property, there are times, nevertheless, when school boards have voluntarily assumed a duty to provide bus transportation to students who attend after school activities.
The affidavits submitted by the defendants evidenced that C.C. lived more than one mile from the school campus, and that LPSB assumed the responsibility of providing bus transportation from after school activities, and generally had a late bus available.
The Defendants presented the affidavits of Rick Poulon, Principal at Lafayette Middle School; Monique Magee, Assistant Principal; Jude Fero, History Teacher; Brenda Billeadeau, the Outreach/Tutoring Facilitator; Jeff Debetaz, Dean of Students, and Gladys Marie Reed, the teacher who supervised the Behavior Clinic. All of the affidavits contained impermissible and highly inflammable and prejudicial hearsay statements from other persons, and those statements should have been stricken from this record.
Supporting and opposing affidavits must be made on personal knowledge,[1] and must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. art. 967. Even though summary judgment is now favored, it is not a substitute for trial on the merits, and it is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge that call for credibility evaluations and the weighing of the testimony. Chivleatto v. Sportsman's Cove, Inc., 05-136, p. 6 (La.App. 5 Cir. 6/28/05), 907 So.2d 815, 819. The trial judge cannot make credibility calls on a motion for summary judgment, but must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion for summary judgment. See Independent Fire Insurance Company v. Sunbeam Corporation, 99-2257 (La.2/29/00), 755 So.2d 226.
After reviewing the affidavits, disregarding all hearsay, and giving the evidence proper weight, I conclude that the defendants failed to meet the civil standard of preponderance of the evidence. Whether the school board fulfilled its duty of supervision, first, by notifying the parent of the after school activity, or second, by providing late bus transportation to this student, who attended a sanctioned after school activity are genuine issues of material fact. Therefore, summary judgment was not appropriate.
In the instant case, the trial court relied on Frederick v. Vermillon, supra, where the school board was held not liable to two female high school students, who stayed after school to find their scheduled band practice had been cancelled, and who voluntarily left campus with several boys who subsequently sexually assaulted them. The Frederick court held that the risk of this particular injury was not within the scope of protection which the school board owed the plaintiff, and thus, the school board's action was not the legal cause of the student's injuries for purposes of her negligence claim.
Frederick is distinguishable from the instant case, because of the ages of the students involved. C.C. was a twelve year old middle school student; the students *888 involved in Frederick were older high school students with the ability to make decisions independent of their parent's authority. Therefore, I find Frederick to be inapplicable to the facts and circumstances presented here.
The trial court also relied on Jackson, supra, in its decision in the instant case. In Jackson, a nine year old girl was allowed to telephone her grandmother after an extra curricular activities, and the grandmother instructed the girl to walk home. She was subsequently struck by a car while crossing the street. In Jackson, the Third Circuit court of appeal found that the school board was not liable and had no duty to post crossing guards for students who participated in after school activities. Jackson can be distinguished, as well, in that the student was allowed by the school to contact her grandmother after the extra curricular activity, whereas in the instant case, it is disputed whether the parent was notified of the late activity.
This case is more akin to D.C. v. St. Landry Parish School Board, 00-01304 (La.App.3Cir.3/7/01), 802 So.2d 19, writ denied, 01-981(La.5/25/01), 793 So.2d 169, where the court held that the scope of a school board's duty encompassed the foreseeable risk that a female student who left school campus and walked through a bad neighborhood might fall victim to one of the criminals that frequented such an area.
KNOLL, Justice, dissenting.
In my view, the majority errs in reversing the trial court's grant of summary judgment, which the court of appeals affirmed. A school board owes a duty of reasonable, competent supervision commensurate with the age of the child and the attendant circumstances. Wallmuth v. Rapides Parish Sch. Bd., 01-1779, p. 8 (La.4/3/02), 813 So.2d 341, 346; Frederick v. Vermillion Parish Sch. Bd., 2000-382, p. 4 (La. Ct.App. 3 Cir. 10/18/00), 772 So.2d 208, 212, writ denied, XXXX-XXXX (La.1/12/01), 781 So.2d 561; Jackson v. Colvin, 98-182, p. 6 (La. Ct.App. 3 Cir. 12/23/98), 732 So.2d 530, 533, writ denied, 99-0228 (La.3/19/99), 740 So.2d 117. This duty does not make the school board the insurer of the children's safety. Wallmuth, 01-1779 at p. 8, 813 So.2d at 346.
When the school board provides bus transportation for the student, the duty of care and supervision extends temporally and spatially throughout this custodial relationship. Jackson, 98-182 at p. 7, 732 So.2d at 533. In addition, the school has a responsibility to supervise until the end of a school sanctioned after-hours activity. Frederick, 2000-382 at p. 4, 722 So.2d at 212. The undisputed facts in this case before us show that C.C. was required to attend behavior clinic at the school on November 4, 2004. Clearly this was a school sanctioned after-hours activity.
In her petition for damages, C.C. alleges that at the conclusion of the behavior clinic, the teacher, Marie Reed, refused C.C. the use of a telephone to call for a ride home and that she had no choice but to walk home, when she was allegedly raped. The petition further avers the defendants were negligent in forbidding C.C. to use the telephone "for transportation from an after school function, a time in which school bus transportation is not available."
Defendants moved for summary judgment. In their motion for summary judgment, the defendants state that there is a late bus that picks up students from after-school activities such as behavior clinic and it was available on the afternoon of November 4, 2004. In support of their motion for summary judgment, defendants submitted the affidavit of Brenda Billedeau, who had been outreach/tutoring facilitator at Lafayette Middle School for ten *889 years. Her affidavit declared that there was a late school bus that picks up students "from [b]ehavior [c]linic, tutoring and sports" and on the afternoon of November 4, 2004, she accompanied students to meet the bus.
In opposing the school board's motion for summary judgment, plaintiffs submitted C.C.'s affidavit. C.C. declared in her affidavit that at the conclusion of the behavior clinic, she asked Ms. Reed to use the telephone for the purpose of obtaining a ride home from school, but that request was denied. C.C. further declared in the affidavit that she "was afforded no other mode of transportation to her home by the defendants, and thereafter began walking home from the school ground." The school board has pointed out to the court that there is an absence of factual support for an essential element to the plaintiff's claim, i.e., that the school board did not breach its duty because it provided a late bus that was available on November 4, 2004. Once the school board made this showing, the plaintiffs were obligated to produce factual support sufficient to establish that they could satisfy their evidentiary burden of proof at trial. La.Code Civ. Pro. art. 966C(2). In my view, the affidavit submitted by C.C. is woefully inadequate to satisfy her evidentiary burden that the school board breached its duty; plaintiffs' have failed to produce any evidence to support their contention that the school did not have bus transportation available from after-school functions on November 4, 2004. There is no genuine issue of this material fact. Defendants have shown that there is an absence of factual support for an essential element to plaintiffs' claim, and plaintiffs have failed to produce factual support sufficient to establish they could satisfy their evidentiary burden at trial. The lower courts correctly granted summary judgment in favor of the school board. Thus, for these reasons I respectfully dissent, as I would affirm the grant of summary judgment.
WEIMER, J., concurring.
I concur in the result.
Ultimately, this matter involves an irreconcilable dispute as to whether a twelve year old child who was obligated to stay after school for a behavioral modification class was denied access to available telephones after she did not get on the bus provided by the school board and was thus prevented from arranging alternate transportation home. The child contends she was raped when she was obligated to walk approximately two miles home because she was denied telephone access.
In Wallmuth v. Rapides Parish School Board, 01-1779, p. 8 (La.4/3/02), 813 So.2d 341, 346, the duty of a school board was succinctly stated:
A school board, through its agents and teachers, owes a duty of reasonable supervision over students. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. This duty does not make the school board the insurer of the safety of the children. Constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision. [Internal citations omitted.]
Whether the school board is obligated to provide transportation for an after school function pursuant to LSA-R.S. 17:158 is not relevant to this matter because a bus was provided. In that respect, the school board discharged any duty it may have had to provide transportation. For reasons never disclosed by the plaintiff or uncovered by the defendant, the child did not get on the bus. The school board, in its affidavits, contends *890 the child was afforded the opportunity to use the telephone in the principal's office and a teacher's cell phone. The child's response affidavit specifically contends she was "denied use of the school telephone" and was denied use of the teacher's cell phone.
Essentially, the school board contends bus transportation was provided and thus any duty it may have owed was discharged. The school board argues any dispute over telephone access is irrelevant.
However, no one could reasonably suggest that school personnel can simply deny a child access to an available telephone because the child missed the bus. Allowing telephone access imposes virtually no burden on the school board and costs the school board nothing, yet protects the child from the potential of being exposed to a risk of harm. The school board's affidavits are replete with references to providing telephone access to the child. In that respect, no new duty is imposed on the school board; the board itself explicitly acknowledges it provided telephone access. If the child is deprived of access to an available telephone to secure other transportation after missing the bus, the child is then left with no choice but to walk home. Matters such as dangerous traffic conditions or neighborhoods may make that choice by the child imprudent. A school board employee exercising reasonable supervision would not require a child to make such a choice.
The school board's duty to provide reasonable supervision extends to allowing access to an available telephone based on the facts alleged in this case.[1]
Whether the child's version of the facts or the school board's version of the facts is ultimately true cannot be resolved at this stage of the proceedings with the record as it currently exists. Credibility calls are reserved for fact finders at trial.
NOTES
[1] Personal knowledge "encompasses only those facts which the affiant saw, heard or perceived with his own senses." Dominio v. Folger Coffee Co., 05-357, p. 4 (La.App. 4 Cir. 2/15/06), 926 So.2d 16, 18.
[1] The school board relies heavily on Domingue v. Lafayette Parish School Board, 03-895 (La.App. 3 Cir. 6/16/04), 879 So.2d 288. Although I agree with the majority's opinion in Domingue, the case is readily distinguishable. A bus was provided, but the child simply left the school. There was no issue related to denial of telephone access so the child could seek alternative transportation.