STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-596

GEORGETTE RAYMOND

VERSUS

IBERIA PARISH SCHOOL BOARD, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 126473
HONORABLE LEWIS H. PITMAN, DISTRICT JUDGE

**********

SYLVIA R. COOKS
CHIEF JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Billy H. Ezell and D. Kent Savoie, Judges.

AFFIRMED.

Cherhardy, Sherman, Williams, Murray,
Recile, Stakelum, & Hayes, L.L.P.
One Galleria Boulevard, Suite 1100
Metairie, LA 70001
(504-833-5600)
 COUNSEL FOR APPELLANTS:
     Georgette Raymond, and Bernard Prejean,
      Individually and on behalf of the minor child
      Anaisha Prejean
Preis PLC
Edwin G. Pries, Jr.
Larry E. Mobley
P.O. Drawer 94-C
Lafayette, LA 70509
(337-237-6062)
COUNSEL FOR APPELLEE:
     Berkley Insurance Company

**J. Wayne Landry**
**Attorney at Law**
**1500 Jane Street**
**New Iberia, LA  70563**
**(337-365-2341)**
**COUNSEL FOR APPELLEE:**
**Iberia Parish School Board**

**COOKS, Chief Judge.**

### FACTS AND PROCEDURAL HISTORY

Georgette Raymond (Georgette) and Bernard Prejean's eight-year-old daughter, Anaisha Prejean (Anaisha), experienced an asthma attack during class at St. Charles Street Elementary School, in Jeanerette, Louisiana (School). The time frame of events is not in dispute. On September 18, 2014, between 9:45 a.m. and 9:50 a.m., Anaisha let her third-grade teacher, Mrs. Sydney R. Toups (Toups), know that she was having an asthma attack. In accordance with school protocol Toups escorted Anaisha from the classroom to the school office. Anaisha was able to walk on her own with her teacher. Toups advised the principal, Ms. Allison O'Donnell (O'Donnell), that Anaisha was having an asthma attack. The child was wheezing somewhat, shaking, and visibly having difficulty breathing consistent with an asthma attack. O'Donnell immediately obtained Anaisha's inhaler kept for her in the office for just such occurrences and began administering two pumps of the inhaler as per Anaisha's medication order on file. According to O'Donnell, Anaisha's wheezing and shaking abated. While she was retrieving Anaisha's inhaler, O'Donnell instructed Ms. Ellen Kern (Kern) to immediately contact Anaisha's mother. Because she was not available, Kern called the family members listed on Anaisha's contact sheet. At 10:14 a.m. Anaisha's aunt, Cherrell Raymond (Cherrell), arrived at the school and took Anaisha to her grandmother's home about a half mile from the school. Cherrell and Alice Raymond (Alice), Anaisha's grandmother, are familiar with Anaisha's asthmatic condition. Cherrell has a child of her own who also suffers from an asthmatic condition.

Alice commenced a nebulizer treatment attempting to alleviate the asthma attack. This took about twenty minutes during which time Alice telephoned Georgette and told her she did not think the treatment was working. When the treatment was almost complete, Anaisha indicated she needed to use the restroom,

but when she attempted to stand, she collapsed. Georgette telephoned 911 for an ambulance, but through a series of mishaps the ambulance was delayed.[1] After being contacted a second time at 11:09 a.m., some fifteen minutes after the first contact, the ambulance arrived to assist Anaisha. The first responders found Anisha in cardiac arrest without any pulse. It was later determined that Anisha suffered an apoxic ischemic brain injury resulting in permanent disability.

Berkley Insurance Company and its' insured, Iberia Parish School Board (School Board), filed a motion for summary judgment asserting no liability for the injury to Anaisha that occurred long after she was placed in the care of her family. The trial court granted summary judgment dismissing the action against the School Board and its' insurer, with prejudice, finding as a matter of law that "the school's duties ended when the child was checked out and placed in the care and custody of her aunt authorized by her parents to care for her." Plaintiffs appeal asserting one assignment of error maintaining the trial court erred in finding the "Iberia Parish School Board was under no legal duty to use a Peak Flow Meter to monitor Anaisha's symptoms." Plaintiffs also assert in their brief to this court that the School Board's employees breached a duty owed to Anaisha by notifying her caretakers immediately after she arrived in the principal's office instead of observing her for forty-five minutes following her treatment as provided in the School Board's protocol.

We review the granting of a motion for summary judgment de novo "using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Raymond*, 304 So. 3d at 1023–24, citing *State v. Louisiana Land & Exploration Co.*, 12-884 (La. 1/30/13), 110 So. 3d 1038.

---

[1] In *Raymond v. Iberia Parish Sch. Bd.*, 20-81, (La. App. 3 Cir. 9/30/20), 304 So.3d 1019, *writ denied*, 20-1284 (La. 1/12/21), 308 So.3d. 708, this court affirmed the trial court's summary judgment dismissing Lafayette Parish Communications District from this litigation.

In this case, the determinative facts are not in dispute. Anaisha's injuries occurred long after she was in the care and custody of her aunt and grandmother who were authorized to care for her in the absence of her mother. We find the trial court correctly held the School Board's duty to Anaisha ended when she left the School property with her aunt, Cherrell. The trial court was also correct in concluding that the School Board was under no obligation to provide a Peak Flow Meter for use on students with asthma like Anaisha. Our review of the policies and procedures and applicable statutory law reveals no such requirement.[2] We also reject Plaintiffs' assertion that the School acted improperly when it contacted Anisha's caretakers immediately after she reported to the office rather than waiting forty-five minutes after administering treatment. The School cannot be faulted for acting with greater care and caution than its policies and procedures provided. We hasten to add, however, that these issues raised by Plaintiffs are not dispositive of the matter. The basis of the trial court's ruling was simply that the School Board's duty ended when Anaisha was no longer under its care and control. We agree that this was the proper basis to dispose of the motion.

The jurisprudence of this state is well-settled, and this court has often recognized that "[t]he liability of the school board and its employees for injuries to students exists only when the school board has actual custody of the students entrusted to their care." *Jackson v. Colvin*, 98-182 p. 7 (La. App. 3 Cir. 12/23/98), 732 So. 2d 530, 533, *writ denied*, 99-228 (La. 3/19/99), 740 So. 2d 117, (*citing Cavalier, et al. v. Gary Brent Ward, et al.,* 97–1927 (La. App. 1 Cir. 9/25/98), 723 So.2d 480). *See also*, *BL v. Caddo Par. Sch. Bd.*, 46,557 (La. App. 2 Cir. 9/21/11), 73 So. 3d 458, and cases cited therein.

---

[2] *See* La. R.S. 17:436-436.1. *See also*, *Iberia Parish School Board Medication Administration Policy and Procedure Manual*, Revised May, 2010 (Exhibit 5 in support of motion for summary judgment).

In *Frederick v. Vermilion Parish School. Board*, 00-382, p. 3-4 (La. App. 3 Cir. 10/18/00), 772 So. 2d 208, 212, *writ denied*, 00-3171 (La. 1/12/01), 781 So. 2d 561 (footnotes omitted) (**emphasis** added), we listed the requirements for plaintiffs establishing a tort claim against a school board for injuries to a student, and in that case, as here, we needed only to address the issue of duty.

> To prevail in tort, Louisiana law requires proving five separate elements, to wit: (1) duty; (2) breach of duty; (3) cause-in-fact; (4) scope of liability or protection; and (5) damages. Of the five aforementioned prerequisites, we only need to discuss the following.

> Whether a party owes a duty to another is a question of law. In the case *sub judice,* it is well settled that school boards owe a duty of *reasonable* competent supervision, which is commensurate with the students' age and the circumstances of the case. However, it is not the insurer of the students' safety and lives. **A school board may be liable only when it has actual custody of the students entrusted to its care**.

Again, in *Domingue v. Lafayette Parish School Board.*, 03-895 (La. App. 3 Cir. 6/16/04), 879 So. 2d 288, *writ denied*, 04-1803 (La. 10/29/04), 885 So. 2d 588, we explained that the question of whether the School Board owes any duty to a student such as Anaisha after she leaves its premises is a threshold question determined as a matter of law which has been answered clearly in the negative whenever the student is under the exclusive care and control of her lawful guardians. There is no dispute here that the injury occurred just over an hour after Anaisha was under the direct care and supervision of her aunt and grandmother, both of whom were familiar with her asthmatic condition and knew the best steps to take under the developing circumstances. The trial court correctly granted the motion for summary judgment as a matter of law finding the School Board's duty to Anaisha did not extend to her after she left the premises with her approved caretaker. We affirm the judgment of the trial court and assess the costs of this appeal to Plaintiffs.

**AFFIRMED.**